IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: ) | Case No. 25-30002 | |
| ) | (Chapter 11) | |
| GENERATIONS ON 1ST, LLC ) | | |
| ) | | |
| Debtor ) | | |
| _____) | | |
| ) | | |
| In re: ) | Case No. 25-30003 | |
| ) | (Chapter 11) | |
| PARKSIDE PLACE, LLC ) | | |
| ) | | |
| Debtor ) | | |
| _____) | | |
| ) | | |
| In re: ) | Case No. 25-30004 | |
| ) | (Chapter 11) | |
| THE RUINS, LLC ) | | |
| ) | | |
| Debtor ) | (*Joint Administration Motion Pending*) | |
| _____) | | |

**APPLICATION TO APPROVE EMPLOYMENT OF MAURICE B. VERSTANDIG, CHRISTIANNA CATHCART, AND THE DAKOTA BANKRUPTCY FIRM AS GENERAL REORGANIZATION COUNSEL TO ABOVE-CAPTIONED DEBTORS**

Come now Generations on 1st, LLC ("Generations"), Parkside Place, LLC ("Parkside"), and The Ruins, LLC ("Ruins") (collectively, the "Debtors," and each a "Debtor"), pursuant to Sections 327 and 329 of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and apply to engage Maurice B. VerStandig, Christianna Cathcart, and The Dakota Bankruptcy Firm (collectively, "Counsel"), as general reorganization counsel to the Debtors, and in support thereof states as follows:

1. These cases were commenced when the Debtors filed petition for chapter 11 relief, pursuant to Section 301 of the Bankruptcy Code, on January 6, 2025.

2. The Debtors are, and at all times relevant have been, debtors in possession.

1

3. Approval is instantly sought of Counsel's employment to provide the following services to the Debtors as general reorganization counsel:

    a. Prepare and file all necessary pleadings, motions, and other court papers, on behalf of the Debtors;

    b. Negotiate with creditors and other interested parties;

    c. Represent the Debtors in any adversary proceedings, contested matters, and other proceedings before this Honorable Court;

    d. Prepare a plan of reorganization on behalf of each Debtor or, if appropriate, a joint or consolidated plan on behalf of two of more Debtors; and

    e. Tend to such other and further matters as are necessary and appropriate in the prism of these cases.

4. Counsel does not represent any other person or entity in connection with these cases, and Counsel is disinterested as that term is used in Section 101(14) of the Bankruptcy Code. Counsel is not a creditor or an insider of the Debtors; was not, within two years before the date of the petition for relief, a director, officer, or employee of the Debtors; and does not have any interest materially adverse to the interests of the estate or any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors (or for any other reason). Further, Counsel holds no interest adverse to the interests of the Debtors in connection with any of the matters for which employment is sought.

5. Counsel has no legal connection with the Debtors, the creditors herein, or any other parties in interest, nor with their respective counsel, nor with the United States Trustee or any person employed in the office of the United States Trustee, except as expressly disclosed in the declaration of Maurice B. VerStandig attached hereto.

6. For the avoidance of doubt, Counsel does *not* represent the equity interest of the Debtors. If necessary, the equity interest will be represented by separate counsel.

7. Counsel has agreed to represent the Debtors at the partner rate of Four Hundred Dollars and No Cents ($400.00) per hour, the associate rate of Two Hundred Dollars and No Cents ($200.00) per hour, and the paralegal rate of One Hundred Dollars and No Cents ($100.00); it is respectfully suggested these proposed rates are fair and reasonable, and these rates are consistent with the skills and reputation of Counsel and its principal attorney.

8. The Debtors have also agreed to provide compensation to Counsel in the manner set forth in the Disclosure of Compensation filed in each of these cases. All compensation sought in this matter will be subject to the review and approval of the United States Bankruptcy Court for the District of North Dakota.

9. Attached hereto, and incorporated herein by reference, is the declaration of Maurice B. VerStandig, Esq. in support of this application.

10. Attached hereto, and incorporated herein by reference, is an engagement agreement entered into between the Debtor and Counsel prior to the commencement of these cases (with the engagement agreement applicable to each Debtor being filed as an exhibit in that specific Debtor's case, but with all three engagement agreements being substantively identical saving and excepting the names of the Debtors).

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order approving the employment of Maurice B. VerStandig, Christianna Cathcart, and The Dakota Bankruptcy Firm as general reorganization counsel to the Debtors; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: January 6, 2025          By:     /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig, Esq.
                                        The Dakota Bankruptcy Firm
                                        1630 1st Avenue N
                                        Suite B PMB 24
                                        Fargo, North Dakota 58102-4246
                                        Phone: (701) 394-3215
                                        mac@dakotabankruptcy.com
                                        *Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig