**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re: | Case No.:  25-30004 |
| The Ruins, LLC, | Chapter 11 |
| Debtor. | |

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF**

**RED RIVER STATE BANK**

**(RUINS PROOF OF CLAIM ONLY)**

Red River State Bank ("RRSB"), as and for its response to the Objection to the Claim of RRSB (the "Claim Objection") [ECF 43], respectfully states as follows:

1.      On February 5, 2025, RRSB timely filed Proof of Claim No. 1 in the above-captioned case (the "RRSB POC"). RRSB asserts a claim for $11,704,816 for money loaned.

2.      Pursuant to Fed. R. Bankr. P. 3001(c)(1), RRSB attached the following supporting documentation:

   a.      a true and correct copy of a promissory note dated May 9, 2022 in the original principal amount of $7,740,000 (the 'First Ruins Note") [Exhibit A];

   b.      a true and correct copy of a promissory note dated August 1, 2022 in the original principal amount of $2,750,000 (the 'Second Ruins Note") [Exhibit B]; and

c.    a true and correct copy of a promissory note dated February 17, 2023 in the original principal amount of $600,000 (the 'Third Ruins Note") [Exhibit C].

3.    Pursuant to Fed. R. Bankr. P. 3001(e), RRSB attached the following evidence related to its security interests:

a.    True and correct copies of three Security Agreements [Exhibit E];

b.    True and correct copies of three UCC financing statements [Exhibit F];

c.    True and correct copies of two Construction Mortgages [Exhibit G, H].

4.    Although Rule 3001(C)(2)(A) does not apply in this business bankruptcy case, RRSB also provided the following table which breaks down the indebtedness per promissory note as of January 9, 2025:

| And | BALANCE | PER DIEM INTEREST ACCRUAL |
|---|---|---|
| First Ruins Note | $8,198,063.60 | $900.66 |
| Second Ruins Note | $2,926,377.54 | $350.34 |
| Third Ruins Note | $ 580,374.97 | $106.38 |
| | **$11,704,816.11** | |

5.    RRSB has complied with all applicable requirements for filing a proof of claim in this case. Pursuant to Rule 3001(f), the RRSB POC constitutes prima facie evidence of the validity and amount of its claim against the Debtor.

6.    The mere fact that a debtor has filed an objection to a creditor's proof of claim "does not deprive the proof of claim of presumptive validity." Brown v. IRS (In re Brown), 82

F.3d 801, 805 (8th Cir.1996) (citations omitted); see also Gran v. IRS (In re Gran), 964 F.2d

822, 827 (8th Cir.1992).

       7.      As the objecting party, Debtor "bears the burden of producing sufficient

evidence to rebut the presumptive validity of a proof of claim." Brown, 82 F.3d at 805. Once

the objecting party produces rebuttal evidence, then the burden shifts back to the claimant to

produce additional evidence to prove the validity of the claim. VFB, LLC v. Campbell Soup

Co. 482 F.3d 624 (3rd Cir. 2007). Adequate rebuttal evidence must be of a probative force

equal to that of the creditor's proof of claim. Id.

       8.      Here, Debtor has produced no evidence at all, let alone evidence of equal

probative value to the evidence set forth in the RRSB POC, and yet it asks the Bankruptcy

Court to shift the evidentiary burden back onto RRSB. Where, as here, there is no evidence in

the record to support Debtor's claim that RRSB has overstated its claim, it is appropriate for

the Bankruptcy Court to overrule the claim objection. In re McDaniel, 264 B.R. 531, 533

(B.A.P. 8th Cir. 2001).

       9.      Debtor also argues that the allowed amount of the RRSB Claim should be

reduced or disallowed due to the damages it seeks, but has not yet proven, in the Adversary

Proceeding (as defined in the Claim Objection). The Claim Objection does not specify the

amount by which the RRSB Claim should be reduced.

      10.     Section 502(d) does permit the Bankruptcy Court to disallow the claim of a

creditor from which property is recoverable under Chapter 5 of the Bankruptcy Code.

However, the mere assertion that a "set off" right may exist, if the Debtor prevails in the

Adversary Proceeding, is not sufficient to sustain the Claim Objection at this time.

3

11.     First, at a minimum, the Claim Objection is wholly premature and it should be denied without prejudice. If and when Debtor actually prevails in the Adversary Proceeding, then Debtor can properly object, pursuant to Section 502(d), to allowance of the RRSB Claim.

12.     Second, the existence of the Adversary Proceeding does not indicate that the Debtor has a potential claim against RRSB pursuant to Sections 544 or 548. The Forbearance Agreement which is the subject of the Adversary Proceeding did not involve the Debtor in the above-captioned case, and thus cannot be used to disallow the RRSB Claim in this case.

13.     Third, RRSB has already litigated, and defeated the non-bankruptcy claims alleged in the Adversary Proceeding. A Minnesota state court judge considered and rejected claims that RRSB's prepetition conduct invalidated the loans and security interests described in the RRSB Claim. See *Craig Holdings v. Charles Aarstad, Randall Aarestad, Red River State Bank*, Case No. 56-CV-2532, District Court, Otter Tail County.

For all the foregoing reasons, RRSB respectfully requests that the Court enter an Order overruling the Debtor's Claim Objection.

Dated this 8th day of May, 2025.

**VOGEL LAW FIRM**

BY: */s/ Kesha L. Tanabe* .
Kesha L. Tanabe
ktanabe@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
ATTORNEYS FOR RED RIVER STATE BANK

4

**Re:** **The Ruins, LLC**
      **Case No. 25-30004**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) SS | **CERTIFICATE OF SERVICE** |
| COUNTY OF CASS | ) | |

      Sonie Thompson, being first duly sworn, does depose and say: she is a resident of Cass County, North Dakota, of legal age and not a party to or interested in the above-entitled matter.

      On May 8, 2025, affiant caused the following document(s):

**NOTICE OF APPEARANCE**
**AND REQUEST FOR SERVICE OF PAPERS**

to be served electronically to the following:

  *ALL ECF Participants.*

                              */s/ Sonie Thompson*
                              Sonie Thompson

      Subscribed and sworn to before me this 8th day of May, 2025.

                              *Jill Nona*
(SEAL)                   Notary Public, Cass County, North Dakota