UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>The Ruins, LLC,<br><br>                Debtor. | Case No.: 25-30004<br><br>Chapter 11 |

**PLAN OBJECTION**

**(RUINS ONLY)**

      Red River State Bank (the "Bank") hereby objects to confirmation of the Chapter 11 Plan of Reorganization (the "Plan") [ECF 41] filed by The Ruins, LLC (the "Debtor"). The Debtor's only asset is an unfinished residential apartment building in Watertown, South Dakota (the "Ruins"). The Bank financed the Debtor's prepetition construction of the Ruins, and it asserts a secured claim for $11,704,816. The Bank respectfully submits that the Plan is unconfirmable, as a matter of law, for the following reasons:

      1.      First, the Bank has grave concerns about the feasibility of the Plan. Simply put, the Plan ignores the Debtor's basic economic reality. Debtor has a temporary extension on its building permit and no certificate of occupancy. There is no legal way to collect rents to make plan payments. Debtor concedes it needs $1.3 million to complete the project, plus it owes more than $1.1 million to local and regional contractors. Debtor's unsubstantiated claim that it has a "soft commitment" for exit financing is the bankruptcy equivalent of a "Hail Mary pass" with some non-zero chance of completion.

2. Second, the Plan raises serious doubts about whether the Plan has been proposed in good faith, for the benefit of creditors, or whether the primary goal of the Plan is to indemnify insiders, at the expense of creditors. For example, the Bank's Rule 2004 discovery efforts have confirmed the existence of valuable claims against non-debtors for their prepetition conduct. However, Section 4.7 of the Plan would create a long-term injunction to shield non-debtor third parties, including insiders, from avoidance actions and other legitimate causes of actions (the "Third Party Injunction"). There is no economically rational basis for the Bank and other creditors in this case to consent to a sweeping injunction for the benefit of non-debtor third parties. It is not part of a global resolution or a Rule 9019 settlement, nor would insiders give any consideration for such benefit under the Plan. Without consent, the Third-Party Injunction renders the Plan unconfirmable under 11 U.S.C. § 1129(a)(1) or § 1129(a)(3). Harrington v. Purdue Pharma L.P. (In re Purdue Pharma), 603 U.S. 204, (2024).

3. The Plan also reflects a fundamental disregard for the "absolute priority rule" in traditional Chapter 11 cases. In Section 3.2.9 of the Plan, the Debtor does not propose to sell or distribute its equity interests, nor would equity interest holders be required to make any financial contribution to the estate in exchange for their equity interests. By implication, the original insiders would simply retain their equity.

4. The Plan does not disclose whether insiders will continue to extract additional financial benefits from the Debtor in the form of "management fees." To comply with 11 U.S.C. § 1129(a)(5), the Plan should specify who will manage and operate the reorganized debtor and disclose the compensation that will be paid to insiders for such services.

5. The Plan takes for granted that insiders will procure the aforementioned benefits by "cramming up" on the Bank (and presumably, "cramming down" on unsecured creditors),

2

but Section 3.2.1 of the Plan clearly fails to satisfy the "fair and equitable" requirements of 11 U.S.C. § 1129(b)(2)(A). For example, the Plan would decrease the contractual rate of interest for the Bank's prepetition loans, notwithstanding the Debtor's default and arrearages. Similarly, the Debtor seeks to reamortize prepetition loans that have already matured, or are set to mature in 2027, over an additional 30-year period – and to do so without any discount for net present value. The proposed treatment of the Bank's claim makes no attempt to comply with applicable case law regarding acceptable plan treatment for secured claims. See, e.g., Rake v. Wade, 508 U.S. 464, 472 n.8 (1993); Till v. SCS Credit Corp., 541 U.S. 465, 474 (2004); In re Topp, 75 F. 4th 959, 963 (8th Cir. 2023)(requiring an upward interest rate adjustment for post-default credit risk).

6. Similarly, the sale option described in Section 4.4. of the Plan is not "fair and equitable" under § 1129(b)(2)(A) because it does not preserve the Bank's credit bid rights under 11 U.S.C. 363§(k). RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S. Ct. 206 (2012) (holding that the specific language of Section 1129(b)(2)(A)(ii) trumps Section 1129(b)(2)(A)(iii) and that despite any "indubitable equivalence" that may be provided in a plan for the secured creditor, the secured creditor's right to choose its remedy by credit bidding remains in force.)

7. The Plan unjustifiably classifies general unsecured claims into three different classes. The claim of Blacktail Investments, LLC ("Blacktail"), has been "gerrymandered" to create an "impaired accepting class." 11 U.S.C. § 1129(a)(10). The Plan should be revised to create a single class of general unsecured claims. Additionally, the Plan should confirm whether Blacktail is an insider or a non-statutory insider, and whether it should be disregarded for voting purposes. See also U.S. Bank, N.A. v. Village at Lakeridge, LLC, 583 U.S. (2018).

As drafted, the Plan appears to be an elaborate "stall tactic" by insiders bent on delaying their creditors from exercising their lawful remedies under State law and extracting additional benefits for themselves in the interim. Not only does the Plan propose to enjoin such creditors, the Plan specifies no remedies or recourse for creditors if and when a post-confirmation default occurs. The need for subsequent liquidation or reorganization seems almost inevitable in this case, further rendering the Plan unconfirmable under §1129(a)(11).

For all the foregoing reasons, the Bank respectfully requests that the Court enter an Order denying confirmation of the Plan.

Dated this 19th day of May, 2025.

**VOGEL LAW FIRM**

BY: */s/ Kesha L. Tanabe*_____
   Kesha L. Tanabe
   ktanabe@vogellaw.com
   Caren W. Stanley (#06100)
   cstanley@vogellaw.com
   Drew J. Hushka (#08230)
   dhushka@vogellaw.com
   218 NP Avenue
   PO Box 1389
   Fargo, ND  58107-1389
   701.237.6983
   **ATTORNEYS FOR RED RIVER STATE BANK**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| In re: | Case No.: 25-30004 |
|---|---|
| The Ruins, LLC, | Chapter 11 |
| Debtor. | |

## CERTIFICATE OF SERVICE

    Kesha L. Tanabe hereby certifies that the filing of this document caused service via CM/ECF upon all CM/ECF recipients.

Dated: May 19, 2025

                                              */s/ Kesha L. Tanabe*
                                              Kesha L. Tanabe