UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>The Ruins, LLC,<br><br>    Debtor. | Case No.: 25-30004<br><br>Chapter 11 |

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

  Red River State Bank ("Creditor"), a secured creditor of The Ruins, LLC ("Debtor"), respectfully submits this reply in support of its Motion for Relief from the Automatic Stay [ECF 58] (the "Motion"), pursuant to 11 USC § 362(d)(1) and (2) and Federal Rules of Bankruptcy Procedure 4001 and 9014. Reference is made to the Affidavit of Joshua W. Luther, Vice President for CBRE Valuation and Advisory Services [ECF 59] (the "CBRE Affidavit"); the Affidavit of Matt Gehrtz, Principal Construction Manager at Gehrtz Construction Services, Inc. [ECF 60] (the "GCS Affidavit"); and the Affidavit of Charles Aarestad [61] (the "RRSB Affidavit"). Reference is further made to Debtor's Objection [ECF 66]; the Response of D&M Industries, Inc. [ECF 67] and the Response of Diamond Wall Systems, Inc. [ECF 68] (collectively, the "Mechanics Lien Creditors' Responses").Creditor respectfully submits that the Motion should be granted, notwithstanding the Debtor's Objection and the Mechanics Lien Creditors' Responses.

Stay Relief under Section 362(d)(1)

  There is cause for stay relief under Section 362(d)(1) because Creditor is not adequately protected. 11 USC § 361 sets forth three non-exclusive mechanisms by which Creditor could

be adequately protected against the diminution of its collateral during the pendency of this case: (1) the Debtor could make periodic cash payments; (2) the Debtor could provide Creditor with additional liens or replacement liens to offset a decrease in the value of its existing liens; or (3) such other relief as will result in the "indubitable equivalent" of the Creditor's interest in its collateral. As demonstrated by the CBRE Affidavit and the GSC Affidavit, Creditor is fully prepared to prove at an evidentiary hearing that its collateral has decreased in value while this case has been pending. (A creditor is "not adequately protected if the security is depreciating during the term of the stay.") United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 370, 108 S. Ct. 626, 630, 98 L. Ed. 2d 740 (1988).

By contrast, it is entirely unclear how Debtor will satisfy its burden to prove that Creditor is adequately protected in this case. First, the Debtor has not made any cash payments to Creditor, and it has no source of cash to make such payments in the future. Second, the Debtor has no unpledged collateral on which it could grant additional or replacement liens to Creditor. Third, the value of the collateral has rapidly decreased, the Debtor has no funding to complete or stabilize the building, nor does it have any unpledged collateral, so it is entirely unclear how Debtor could offer something of indubitable equivalence to Creditor. Due to the Debtor's failure to carry its burden on adequate protection, this Court may find "cause" for stay relief under Section 362(d)(1).

There is also "cause" for stay relief under Section 362(d)(1) due to the physical condition of the building. Any further delay is directly correlated to a risk of pecuniary loss by Creditor. As demonstrated by the GSC Affidavit, the Debtor has been an inadequate steward of its physical collateral. Two exterior walls of the building remain incomplete, making the building susceptible to water intrusion. Prior water intrusion has made the building susceptible

2

to water and mold damage. The building is unattended, so there is also a risk of vandalism, theft or trespassing. The Debtor has failed to utilize insurance coverage to restore collateral that has been lost to theft or damage, and the Debtor has no financial ability to complete construction of the building envelope.

Creditor is also prepared to demonstrate at the evidentiary hearing that it is entitled to stay relief for cause under Section 362(d)(1) due to the Debtor's bad faith in this proceeding. Creditor will demonstrate at the evidentiary hearing that insiders of the Debtor falsified documents and business records to fraudulently induce the Creditor and to mislead the Creditor about Debtor's use of loan proceeds for the purpose of completing construction of the Ruins Real Property.

## Stay Relief under Section 362(d)(2)

If this Court prefers to decide the Motion under Section 362(d)(2), the Creditor is fully prepared to demonstrate at an evidentiary hearing that the Debtor lacks equity in the collateral, and it has no reasonable prospect of reorganization. Pursuant to Rule 3001, the Creditor's timely filed proof of claim constitutes prima facie evidence of the validity and amount of its claim in this case. Debtor filed a claim objection, and it currently bears the burden of proof on such objection.

Debtor's claim that the Creditor has a "tight grip" on information about its payment history are an intentional distraction from Debtor's burden of proof on its own claim objection. Debtor should not be permitted to use unsubstantiated allegations to shift such burden onto the Creditor. If Debtor lacks information about its own payment history at this juncture in the case, that is a direct reflection of its own conduct. Debtor initiated a contested matter by filing a claim objection on May 6, 2025, but Debtor did not serve its first discovery request until July

29, 2025 (the same day that it filed its objection to the Motion accusing the Creditor of maintaining a "tight grip" on information about its payment history.)

The Debtor's Objection also elides the basic fact that Debtor and Creditor are parties to the same transaction, and they have access to the same information. Debtor's principal is a professional property developer and manager. The Debtor's principal was personally involved in the original transaction and the loan proceeds were disbursed directly to him. Similarly, each time a monthly payment was made on the loans, Debtor paid by delivering a check that was handwritten and signed by its principal. Every payment can be matched with a handwritten deposit slip that clearly indicates how payment was applied to the loans. Debtor's repeated claims that it lacks visibility about the loan proceeds it received, or the loan payments made by its principal, are simply disingenuous.

## Local Rule 4001-2(A) is Inapposite

Local Rule 4001-2(A) is not a basis to deny the Motion in this case. The Motion includes evidence of Creditor's standing, a description of the collateral, and an estimate of the collateral's current fair market value. The Debtor's Objection incorrectly states that Local Rule 4001-2(A)(4) requires the Motion to be denied because the Local Form for a residential mortgage on an individual's principal place of residence was not filed with the Motion. First, Creditor did not include such a form because the Ruins is a commercial property. Second, the Motion does not include such a form because on the date the Motion was filed, the parties' disputed payment history was already the subject of an evidentiary hearing set for September 29, 2025. For efficiency, and in good faith, the Creditor consented to an extension of the 30-day deadline in Section 362(e) to allow the Motion to be heard concurrently with the claim objection hearing on September 29, 2025. The September 29, 2025 hearing will create a full

4

record of the disputed loan history. Creating a record of the parties' payment history at an evidentiary hearing in lieu of using a local form is not a basis to deny the Motion.

### The Mechanic Lien Creditors' Responses

As evidenced by the CBRE Affidavit, Creditor respectfully submits that such creditors are "out of the money" and thus unsecured in this case. They lack a pecuniary interest in the outcome of the Motion. While they may have a "right to be heard" under the Bankruptcy Code, they lack standing to lodge a full objection to the Motion.

### Conclusion

In conclusion, Creditor requires relief so that it can return to State court and complete the pre-petition foreclosure proceeding. Creditor requires possession of the Ruins Real Property to stabilize the condition of the Ruins Real Property, to prevent further loss, and to sell the collateral to satisfy Debtor's unpaid loans. For all the foregoing reasons, Creditor respectfully requests relief from the automatic stay. Creditor further requests a waiver of the 14-day stay under Rule 4001 to prevent further deterioration of the Ruins Real Property and to allow it to begin remediation efforts and sale efforts as soon as possible.

Dated: August 5, 2025

**VOGEL LAW FIRM**

BY:  /s/ *Kesha L. Tanabe*
Kesha L. Tanabe
ktanabe@vogellaw.com
Caren W. Stanley (#06100)
Drew J. Hushka (#08230)
218 NP Avenue, PO Box 1389
Fargo, ND  58107-1389
701.237.6983
ATTORNEYS FOR RED RIVER STATE BANK

5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| In Re:<br><br>The Ruins, LLC,<br><br>                Debtor. | Case No.: 25-30004<br><br>Chapter 11 |
|---|---|

CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2025, the following documents:

**Reply in Support of Motion to Lift Automatic Stay**

Was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to all parties who are registered to receive e-notices in this case.

    Dated: August 5, 2025

**VOGEL LAW FIRM**

BY:   */s/ Kesha L. Tanabe*
Kesha L. Tanabe
ktanabe@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
ATTORNEYS FOR RED RIVER STATE BANK

6