**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re:<br><br>The Ruins, LLC,<br><br>　　　　　Debtor. | Case No.: 25-30004<br><br>Chapter 11 |

**NOTICE OF EXPEDITED MOTION TO CONVERT**

TO:　　ALL CREDITORS AND INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that Red River State Bank ("Creditor") has filed a Motion to Convert, a copy of which motion is annexed hereto and herewith served upon you.

NOTICE IS FURTHER GIVEN that Creditor has requested relief on an expedited basis pursuant to Federal Rule of Bankruptcy Procedure 9006 and Local Rule 9006-1.

NOTICE IS FURTHER GIVEN that written objections to said motion, if any, shall be filed with the Clerk of the United States Bankruptcy Court, whose address is 655 First Avenue North, Suite 210, Fargo, ND 58102-4932, with a copy mailed to counsel for Creditor, whose name and address is listed below. Any objections not filed and served may be deemed waived.

Dated: September 26, 2025　　　　　　　　**VOGEL LAW FIRM**

　　　　　　　　　　　　　　　　BY:　/s/ *Kesha L. Tanabe*　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　Kesha L. Tanabe (#0387520)
　　　　　　　　　　　　　　　　　　　ktanabe@vogellaw.com
　　　　　　　　　　　　　　　　　　　Jack S. Buck (#09539)
　　　　　　　　　　　　　　　　　　　Caren W. Stanley (#06100)
　　　　　　　　　　　　　　　　　　　Drew J. Hushka (#08230)
　　　　　　　　　　　　　　　　　　　218 NP Avenue
　　　　　　　　　　　　　　　　　　　PO Box 1389
　　　　　　　　　　　　　　　　　　　Fargo, ND  58107-1389
　　　　　　　　　　　　　　　　　　　Telephone:  701.237.6983

　　　　　　　　　　　　　　　　ATTORNEYS FOR RED RIVER STATE BANK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>The Ruins, LLC,<br><br>    Debtor. | Case No.: 25-30004<br><br>Chapter 11 |

**EXPEDITED MOTION TO CONVERT CASE TO CHAPTER 7**

  Red River State Bank (the "<u>Creditor</u>"), by and through counsel, hereby moves this Court to convert the above-captioned case from Chapter 11 to 7 pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014 (the "<u>Motion</u>"). Creditor also moves the Court for an expedited hearing on its Motion, pursuant to Federal Rule of Bankruptcy Procedure 9006(c) and Local Rule 9006-1, on an expedited basis. In support of this Motion, Creditor states as follows:

### JURISDICTION

  1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

  2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

  3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

  4. The basis for the relief requested herein is 11 U.S.C. § 1112(b), Rules 1017(f)(1), 9006, and 9013, and Local Rule 9006-1 and 9013-1.

### REQUEST FOR EXPEDITED RELIEF

  5. Creditor requests expedited relief for the reasons set forth herein and the accompanying Declaration of Charles Aarsted filed in support of this Motion (the "<u>CRA Declaration</u>")

2

6. Creditor respectfully suggests that the relevant parties in interest, including the Debtor, experts and witnesses, are currently prepared for hearing beginning on Monday, September 29-30, 2025.

7. Alternatively, the Motion could be heard on Friday, October 3, 2025, which is seven calendar days after the filing date of this Motion.

8. Rule 9006(d) requires notice of a hearing on the Motion to be served at least 7 days before the hearing date. Local Rule 9013-1 allows a longer 14-day notice period for all contested matters.

9. Rule 9006(c), however, permits this court to reduce the notice period. Local Rules 9006-1 and 9013-1 further contemplate that the Motion could be heard on an expedited basis, provided witness lists and exhibits have been disclosed no later than 2 business days prior to the hearing.

10. Creditor respectfully submits that the circumstances here support the request for expedited relief and mitigate any potential prejudice to Debtor. Debtor and Creditor have recently exchanged extensive discovery in accordance with this Court's Discovery, Scheduling and Prehearing Order (the "Discovery Order") [ECF 56].

11. As required by the Discovery Order and local rule, Creditor has already disclosed the exhibits and witnesses it would rely upon at a hearing on September 29-30, 2025. [ECF 104-105, ECF 87-91, 96-98, 101-102]. Creditor intends to utilize the same witnesses and exhibits, if allowed to proceed on this Motion.

12. For all the foregoing reasons, Creditor requests that the parties be permitted to go forward on the Motion on Tuesday, September 30, 2025 or Friday, October 3, 2025.

**RELIEF REQUESTED AND BASIS THEREFOR**

**I.       Debtor's bad faith conduct is "cause" for conversion of this case.**

13.    By this Motion, Creditor seeks entry of an order converting this case from Chapter 11 to 7.  In relevant part, Section 1112(b) provides a "court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."  11 U.S.C. § 1112(b)(1).  While not specifically identified, *cf.* 11 U.S.C. § 1112(b)(4) (setting out a non-exhaustive list of "causes" for dismissal or conversion under Section 1112(b)), Courts have determined that a debtor's bad faith is "cause" for conversion or dismissal under Section 1112(b)(1). *In re Kerr*, 908 F.2d 400, 404 (8th Cir. 1990).

14.    Creditor is prepared to introduce extensive evidence of an insider's bad faith conduct. Such evidence will demonstrate why the insider is unfit to act as a fiduciary of the estate and how the prompt appointment of a Chapter 7 bankruptcy trustee is in the best interests of all creditors.

15.    Moreover, Creditor will demonstrate how the insider's gross mismanagement and self-dealing conduct gave rise to Chapter 5 claims worth in excess of $2 million to the estate, all of which could be recovered by a Chapter 7 trustee to pay creditors in this case.

16.    Such evidence will confirm that the insider has an incurable and pervasive conflict of interest. Because he, his other businesses, and his immediate family members would be the target of such avoidance actions, the insider has no incentive to prosecute these claims and recover such money for the estate.

17.    Creditor believes the insider is fixated on keeping this case in Chapter 11 because he believes this Court's recent decision in the *Twin Falls* case assures him that he can

4

not only preclude the estate from prosecuting Chapter 5 claims against him and other insiders, but that he could obtain a plan injunction that would further shield insiders from legitimate causes of action by unpaid creditors under the Uniform Fraudulent Transfer Act ("UFTA") and veil-piercing theories.

18.   Creditor is prepared to demonstrate the full extent to which the insider has diverted money from creditors of the estate to enrich himself, his family members and affiliates that are owned by him. .

19.   Moreover, Creditor is prepared to demonstrate that the insider has concealed property of the estate that is presently commingled with his personal assets and not disclosed on the Debtor's schedules in this case.

II.   **Substantial and Continuing Loss is "cause" for conversion of this case.**

20.   Creditor is prepared to demonstrate that the value of the Debtor's assets has substantially decreased and will continue to decrease the longer this case is pending.

21.   There is no reasonable likelihood of rehabilitation where, as here, the estate consists of an unfinished apartment building and Debtor lacks the financial ability to complete two missing exterior walls.

22.   Short of completing the building, Debtor has failed to take interim measures to prevent or remediate water damage and to manage insurance coverage appropriately to protect the largest asset of the estate.

III.   **Conversion is in the best interest of creditors.**

23.   Upon a finding of cause, a court must determine whether conversion or dismissal of a case is in the best interest of the creditors and the estate. 11 U.S.C. § 1112(b)(1). There is no bright line test to determine whether conversion or dismissal is in the best interest

of creditors and estate. *In re Fleetstar LLC*, 614 B.R. 767, 781 (Bankr. E.D. La. 2020) (quoting *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011)). Instead, that decision is left to the sound discretion of the bankruptcy court. *See Lumber Exchange Bldg., Ltd. v. Mutual Life Ins. Co. (In re Lumber Exchange Bldg., Ltd.)*, 968 F.2d 647, 648 (8th Cir. 1992). Here, conversion is in the best interests of the creditors and the estate.

24. With respect to the estate, "[t]he best interest of the estate turns on whether its economic value is greater in or out of bankruptcy." *In re Delta AG Group, LLC*, 596 B.R. 186, 201 (Bankr. W.D. La. 2019). "When the estate has no assets with equity that a trustee could liquidate to pay unsecured creditors, dismissal is in the best interests of creditors and the estate. When there are estate assets with equity, conversion is the better course." *Id.* In this case, because Debtor has unencumbered chapter 5 claims that could be prosecuted or sold to pay creditors, it is evident that conversion, rather than dismissal, would be in the best interest of the estate.

25. If the case is not converted to Chapter 7, the Creditor will embark upon extensive and wasteful litigation about esoteric topics such as removal and abstention. Meanwhile, unpaid interest will continue to accrue, the condition of the collateral will continue to deteriorate and valuable claims will grow stale and recovery on such claims will become more remote.

26. Conversion would clearly benefit creditors because a neutral, Chapter 7 Trustee would be appointed to oversee the Debtor's liquidation. *Cf. In re M.A.R. Designs & Constr., Inc.*, 653 B.R. 843, 872 (Bankr. S.D. Tex. 2023) (conversion, rather than dismissal, was in the creditors' best interest as the appointment of "a Chapter 7 trustee would be better positioned

6

to investigate and effectively liquidate the" debtor's estate in light of distrust in debtor's principal based on "numerous findings of bad faith").

## CONCLUSION

27.    WHEREFORE, Creditor respectfully requests that this Court convert this case from Chapter 11 to 7, promptly as possible.

Dated: September 26, 2025.    **VOGEL LAW FIRM**

BY:  /s/ *Kesha L. Tanabe*
Kesha L. Tanabe (#0387520)
ktanabe@vogellaw.com
Jack S. Buck (#09539)
Caren W. Stanley (#06100)
Drew J. Hushka (#08230)
218 NP Avenue,
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983

ATTORNEYS FOR RED RIVER STATE BANK

## VERIFICATION

I, Charles Aarestad, Vice President of Creditor, based on my personal information and belief, declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated:  September 26, 2025    Signed:*/s/ Charles Aarestad*
    Charles Aarestad

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>The Ruins, LLC,<br><br>                Debtor. | Case No.: 25-30004<br><br>Chapter 11 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONVERT**

### INTRODUCTION

Red River State Bank ("RRSB"), a secured creditor of The Ruins, LLC ("Debtor") respectfully submits this memorandum of law in support of its motion to convert the above-captioned case from Chapter 11 to Chapter 7 (the "Motion").

### LAW AND ARGUMENT

11 U.S.C. § 1112(b)(1) provides on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate. For purposes of this subsection, the term "cause" includes: substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; gross mismanagement of the estate; and failure to maintain appropriate insurance that poses a risk to the estate or to the public. *See* 11 U.S.C. § 1112(b)(4). The examples of "cause" noted above are not exhaustive and the court may consider other factors and equitable considerations in order to reach an appropriate result in this case. *See In re Schriock Constr., Inc.*, 167 B.R. 569, 575 (Bankr. D.N.D. 1994).

8

A prime example of the type of consideration not explicit in the statute but nevertheless a proper concern for a bankruptcy court, is good faith. *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., LLC*, 476 B.R. 60, 67 (E.D.N.Y. 2012). It is beyond cavil that a dismissal for lack of good faith is proper. *See id.* This standard of good faith protects the jurisdictional integrity of bankruptcy courts by rendering their powerful equitable weapons available only to those debtors and creditors with clean hands. *See id.* at 68. A lack of good faith must rest on the totality of the circumstances, and involves an intent to abuse the judicial process, and the purpose of the reorganization process. *Id.* Congress has never intended that bankruptcy be a refuge for the irresponsible, unscrupulous or cunning individual. *Id.* at 69.

It is incumbent upon a court ruling on a § 1112(b) motion to determine, as a threshold matter, whether "cause" exists. *In re Schriock Constr., Inc.*, 167 B.R. at 574. Once that threshold requirement is established with the requisite degree of proof, § 1112(b) directs a court to ascertain under an analytically separate step whether dismissal or conversion is in the best interests of creditors and the estate. *Id.* A bankruptcy court has broad discretion under 11 U.S.C. § 1112(b) to either dismiss or convert a case from a Chapter 11 reorganization to a Chapter 7 liquidation. *Id.*

In *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., LLC*, the bankruptcy court appropriately acted within its discretion by dismissing on bad faith grounds the debtor's Chapter 11 petition due to the debtor's fraudulent procurement of the loan. *See* 476 B.R. at 69. In *In re Ashton*, the court granted a motion to convert the Chapter 11 case to Chapter 7 where the proposed plan was premised upon unrealistic income projections. *See* 107 B.R. 670, 675 (Bankr. D.N.D. 1989). Furthermore, *In re Meckstroth*, the court granted a creditor's motion to convert the Chapter 11 case to Chapter 7 where the case was not an effort at rehabilitation, and

9

in view of the past fraudulent conduct of the debtor further diminution of the estate was likely, and the creditors would not accede to any plan. *See* 24 B.R. 401, 402 (Bankr. S.D. Ohio 1982).

The first aspect of § 1112(b)(1) requires a showing of a "continuing loss to or diminution of the estate." *In re Schriock Constr., Inc.*, 167 B.R. at 575. This element can be satisfied by demonstrating that the debtor incurred continuing losses or maintained a negative cash flow position after the entry of the order for relief. *Id.*

The second aspect of § 1112(b)(1) requires a showing of an "absence of a reasonable likelihood of rehabilitation. *In re Schriock Constr., Inc.*, 167 B.R. at 576. The concept of rehabilitation hinges upon establishing a cash flow from which current obligations can be satisfied. *Id.* It is thus incumbent on the court to determine whether the debtor can emerge as an economically viable enterprise capable of servicing its obligations under a plan. *Id.*

## CONCLUSION

For the foregoing reasons, RRSB respectfully requests this Court grant its motion to convert the above-captioned case from Chapter 11 to Chapter 7.

Dated: September 26, 2025.

**VOGEL LAW FIRM**

BY: /s/ *Kesha L. Tanabe*
    Kesha L. Tanabe
    ktanabe@vogellaw.com
    Jack S. Buck (#09539)
    Caren W. Stanley (#06100)
    Drew J. Hushka (#08230)
    218 NP Avenue
    PO Box 1389
    Fargo, ND  58107-1389
    701.237.6983
    ATTORNEYS FOR RED RIVER STATE BANK

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| In re: | Case No.: 25-30004 |
|---|---|
| The Ruins, LLC, | Chapter 11 |
| Debtor. | |

## ORDER

This matter came before the Court upon a Motion to Convert filed by Red River State Bank. Based on the record herein, it is hereby ordered.

      1.    The request for expedited relief is granted.

      2.    The motion to convert from Chapter 11 to 7 is granted.

Dated:

_____

United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | Case No.: 25-30004 |
| The Ruins, LLC, | Chapter 11 |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, the following documents:

EXPEDITED MOTION TO CONVERT CASE, NOTICE OF MOTION, MEMO OF LAW, AND PROPOSED ORDER

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

**ALL PARTIES BY ECF**

**VOGEL LAW FIRM**

BY: /s/ *Kesha L. Tanabe*
Kesha L. Tanabe (#0387520)
ktanabe@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983

ATTORNEYS FOR RED RIVER STATE BANK

*4897-2457-4060 v.1.1*