# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>The Ruins, LLC,<br><br>Debtor. | Case No.: 25-30004<br><br>Chapter 11 |

# DECLARATION OF CHARLES AARESTAD (RED RIVER STATE BANK)
# IN SUPPORT OF EXPEDITED MOTION TO CONVERT

Pursuant to 28 U.S.C. § 1746, I, Charles Aarestad, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Vice President at Red River State Bank ("RRSB" or "Creditor"). I have held my current position since 2011.

2. I am personally familiar with the loan history between RRSB and The Ruins, LLC (the "Debtor") and the Debtor's partially constructed apartment building located at 315 East Kemp Ave., Watertown, South Dakota (the "Ruins Project").

3. I am personally familiar with the 14 draw requests submitted to Watertown Development Corp. ("WDC") and RRSB by Debtor and its general contractor Craig Development, LLC and/or Jesse Craig ("Draw Requests"). Copies of the Draw Requests in RRSB's files were previously filed in this case. *See* ECF 102.

4. Included within the Draw Requests were subcontractor invoices submitted to RRSB in support of such Draw Requests.

5.  RRSB commenced a foreclosure lawsuit with respect to the Debtor's real property in Watertown, South Dakota, *Red River State Bank v. The Ruins, LLC et. al.*, Codington County, South Dakota, Case No. 14CIV24-68 (the "SD Foreclosure Lawsuit").

6.  In the SD Foreclosure Lawsuit, RRSB issued numerous subpoenas to subcontractors that worked on the Ruins Project (as well as subcontractors that worked on the Generations Project, the Parkside Project, the Lofts Project, and the Jesse and Mulinda Craig Lake Home) requesting copies of invoices, payment applications, quotes, etc. Additionally, RRSB issued requests for production of documents to all of the mechanic's lien defendants in the SD Foreclosure Lawsuit including but not limited to D & M Industries, Inc., Watertight, Inc., and Diamond Wall Systems, Inc. Most of the SD Foreclosure Lawsuit mechanic's lien defendants provided copies of their invoices, payment applications, quotes, etc. for the Ruins Project in response to RRSB's discovery requests.

7.  The following seven subcontractors have provided Declarations Certifying Records Pursuant to F.R.Evid. 901(11) of their business records:

    a. D & M Industries [ECF 87]

    b. KLJ Engineering, LLC [ECF 88]

    c. Clausen Construction [ECF 89]

    d. Watertight, Inc. [ECF 90]

    e. T.L. Stroh Architects, Ltd. [ECF 91]

    f. Hebron Brick Supply Co. [ECF 96]

    g. Limoges Construction, Inc. [ECF 101]

8.  I have personally reviewed the Draw Requests for the Ruins Project and compared them with the invoices and payment applications received pursuant to subpoenas

2

issued and/or through discovery in the SD Foreclosure Lawsuit. With the assistance of RRSB's attorneys, we have compiled into a summary chart form what I have identified as the invoices from the Draw Requests that appear to have been altered or are for non-Ruins projects. This summary chart with the underlying documents is attached hereto as **Exhibit A**.

9. In 2022 and 2023, I made requests to Debtor's principal, Jesse Craig, for copies of his personal financial statement. Mr. Craig is a guarantor of Debtor's loan obligations to RRSB.

10. On July 27, 2022, I sent an email to Mr. Craig requesting that he provide screenshots of his "liquid accounts" (*i.e.*, bank statements) in support of a personal financial statement earlier provided by Mr. Craig dated June 9, 2022. On the evening of July 27, 2022, Mr. Craig emailed back to me copies of the first page of various bank statements. A true and correct copy of Mr. Craig's email dated July 27, 2022 is attached hereto as **Exhibit B**.

11. Pursuant to Subpoena Duces Tecum served in the Debtor's bankruptcy case, Town and Country Credit Union ("TCCU") and First Community Credit Union ("FCCU") provided copies of bank statements, checks, and deposits.

12. FCCU has provided a Declaration Certifying Records Pursuant to F.R.Evid. 901(11) [ECF 98].

13. TCCU has also provided a Declaration Certifying Records Pursuant to F.R.Evid. 901(11) [ECF 97].

14. After reviewing the original bank statements of FCCU and TCCU from the subpoenaed records, it appears certain bank statements provided by Mr. Craig in his July 27, 2022 email were altered. *Compare* **Exhibit B** at RRSB Ruins 02796 (FCCU Statement for Account -4695 for period ending June 30, 2022) with ECF 98, page 433; and **Exhibit B** at

3

RRSB Ruins 02795 (TCCU Statement of Account -641 for period May 4, 2022-May 31, 2022) with ECF 97, page 7.

15. On August 14, 2023, I requested Mr. Craig provide an updated personal financial statement and attach screen shots of his account statements. Mr. Craig emailed back on August 15, 2023 with his personal financial statement and copies of bank statements. A true and correct copy of Mr. Craig's August 15, 2023 email is attached as **Exhibit C**.

16. After reviewing the original bank statements of FCCU and TCCU from the subpoenaed records, it appears certain bank statements provided by Mr. Craig in his August 15, 2023 email were altered. *Compare* **Exhibit C** at RRSB Ruins 03369-03370 (FCCU Statement for Account -7124 for period ending June 30, 2023) with ECF 98, page 623; and **Exhibit C** at RRSB Ruins 03371 (TCCU Statement of Account -303 for period June 1, 2023-June 30, 2023) with ECF 97, page 4.

Dated: September 26, 2025.

BY: */s/ Charles Aarestad*
Charles Aarestad

4918-8379-2493 v.2