IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | Jointly Administered |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30004 |
| | ) | |
| THE RUINS, LLC | ) | |
| | ) | |
| Debtor | ) | Not Jointly Administered |
| _____ | ) | |

**MOTION TO CONTINUE HEARINGS**

Come now Generations on 1st, LLC ("Generations") Parkside Place, LLC ("Parkside"), and The Ruins, LLC ("Ruins") (collectively, the "Debtors," and each a "Debtor"), by and through undersigned counsel, pursuant to Local Rule 5071-1, and move to continue the hearings on (i) Red River State Bank's motion to convert Ruins' case to chapter 7; (ii) Red River State Bank's notice of alleged default on cash collateral terms in the Generations and Parkside matters; (iii) Red River State Bank's motion to terminate exclusivity in the Generations and Parkside matters; and (iv) Generations and Parkside's motion to permit use of cash collateral, to a date to be determined by this Honorable Court, and in support thereof state as follows:

A short time ago, Jesse Craig ("Mr. Craig")—the principal and sole member of all three Debtors—entered an emergency room in or about Billings, Montana, complaining of nerve and

1

other bodily pain. It appears he cannot be physically present for the scheduled hearings in these cases and, even if he could otherwise be present (i.e., over Zoom), it does not appear he is of sound mind or in a position to meaningfully assist the Debtors' counsel in the defense of the three motions or the prosecution of the fourth motion. The Debtors accordingly ask the matters be continued for a short period of time, so as to allow Mr. Craig to be present and participate in the hearings, with such continuance being to a date of the court's election in consultation with counsel for the various interested parties.

The Debtors can share the following facts, all of which are attested to by Mulinda Craig ("Ms. Craig"), the wife of Mr. Craig and the principal of the property management company in the Generations and Parkside cases:

1. At some point in the preceding weeks, Mr. Craig suffered an injury while engaged in recreational tasks, leading to generalized discomfort. *See* Declaration of Mulinda Craig, attached hereto as Exhibit A, at ¶ 3.

2. The injury in question did not initially appear to be severe and did not cause a material disruption in Mr. Craig's day-to-day life. *Id.* at ¶ 4.

3. Mr. Craig thereafter sought medical treatment and was prescribed treatment for both his muscles and pain management, including Gabepentin, Tramadol, and OxyContin. *Id.* at ¶ 5.

4. Some combination of these medications and enduring pain caused Mr. Craig to cease to be in a mentally acute condition over the preceding 24 hours, with Ms. Craig observing his speech to be impacted and the precision of his observations to be similarly impacted. *Id.* at ¶ 6.

5. Mr. Craig's pain, meanwhile, increased notably over the preceding 24 hours, causing him to cease to be generally ambulatory and to have difficulty composing himself on his feet. *Id.* at ¶ 7.

6. This morning, in lieu of returning to Fargo following time away, Mr. Craig entered the emergency department at a hospital in or about Billings, Montana. *Id.* at ¶ 8.

7. As this motion is being drafted, Mr. Craig is being administered additional drugs via intervenes means and is awaiting a computerized tomography scan (colloquially, a "CT scan"). *Id.* at ¶ 9.

8. It is not reasonably anticipated Mr. Craig's condition will improve in such a timeline as to permit him to return to Fargo for tomorrow's hearing, nor is it reasonably anticipated Mr. Craig's use of mentally impactful medication will cease in such a time as to permit him to be of fully sound mind—regardless of geographic locale—for tomorrow's hearing. *Id.* at ¶ 10.

Undersigned counsel is not a medical doctor (as is likely manifest from some of the awkward phrasing above) and has not personally viewed Mr. Craig in the relevant time period. There is, however, an abiding concern that if Mr. Craig is not in a position to be of fully sound mind, he may not be able to offer critical testimony, or to assist the Debtors' counsel, during a hearing on four fairly critical motions. And it is thusly respectfully urged that such constitutes good cause for a continuance.

Undersigned counsel traveled to Fargo yesterday (October 18, 2025) and will remain in town, being available to appear in court and elaborate upon this motion and the relief sought herein, at the commencement of the court date tomorrow.

Consistent with the rigors of Local Rule 5071-1, a phone call was placed to Kesha Tanabe, counsel for Red River State Bank, prior to the filing of this motion (though, in candor, the particular

rule requirement was not known—and, accordingly, not formally noted—at the time of the phone call), and an e-mail was sent to the courtroom deputy, copying counsel for all parties having appeared herein, prior to the filing of this motion.

WHEREFORE, the Debtors respectfully pray the indicated hearings be continued to a date certain of this Honorable Court's election, and for such other and further relief as may be just and proper.[1]

Respectfully Submitted,

Dated: October 18, 2025      By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

---

[1] The Debtors are aware that the oral stipulation extending cash collateral, in the Generations and Parkside cases, runs at the close of October 20, 2025. An additional filing, of some to-be-determined variety, will follow in those two cases, likely later today.

4