UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC                                         Bankr. No. 25-30004

  Debtor.                                              Chapter 11

## OBJECTION TO DISCLOSURE STATEMENT

The United States Trustee (UST) objects to the Disclosure Statement for First Amended Chapter 11 Plan of Reorganization of the Ruins, LLC (Doc. 94)/Second Amended Chapter 11 Plan of Reorganization (Doc. 181). In support of the objection, she states as follows:

1. The UST has standing to object under 11 U.S.C. § 307 and 28 U.S.C. § 586 (a)(3)(I).

2. The Disclosure Statement is missing a liquidation analysis. Although certain value issue may be resolved at the motion to convert, which the UST was not able to attend, the Amended Summary of Assets and Liabilities (Doc. 35) filed by the Debtor demonstrates equity in the real estate of $677,816.80. It is not clear from the Disclosure Statement and Plan why creditors would not be better off with a present real estate sale over waiting up to six years for an unknown funding source.

3. The Disclosure Statement and Plan are missing projections. Although the documents state the Debtor intends to submit projections at confirmation, the projections should be included with the Disclosure Statement Plan so that interested parties may evaluate the projections prior to voting or determining whether to object to the Plan. The projections should include all costs of operating over the next two years while the building

1

is being completed, and all projected revenues for the next four years before the Debtor expects to find Takeout Financing.

4. The Disclosure Statement (Section VI) and the Plan (Article 2.2) should add the following language for U.S. Trustee fees:   The Debtor shall continue to pay quarterly fees ot the U.S. Trustee and to file reports required by the U.S. Trustee until the Chapter 11 case is closed, dismissed or converted by order of the Court."

4. All insider connections to the resumption of operations and preservation of the business should be disclosed.   For example, whether an insider entity is expected to draw fees as manager of the building or draw other compensation during the six year period while creditors await the Takeout Financing.   The insider claims listed in Classes 5-8 should be identified as well.

5. The reference to the UST should be deleted from Article 9.12.   The UST's rights and authority are determined by the Bankruptcy Code.

6. Article 5.3 should be deleted or a provision should be made to provide that undistributed property shall first be held by the Debtor and applied to creditor payments in accordance with the Plan prior to being donated.

7. The UST reserves the right to raise additional objections at confirmation, including the following issues:

a. Classes 5-8 improperly classify similarly situated general unsecured creditors into separate classes.   In addition, Class 6 improperly includes the Exit Financers with general trade creditors.   Given that Exit Financers have consented to have their general unsecured claims rolled up into their post-petition Exit Financing superpriority claims and/or priming liens and paid at the Plan Payment Commencement

Date (approximately 2 years), the Exit Financers should be separately classified from creditors who will not be paid until the Takeout Financing Date (up to six years in June 2032). Unsecured creditors should be placed into two groups based on treatment: the creditors who have consented to be Exit Financers and the creditors will be paid through Takeout Finaning.

   b. The Third Party Injunction at Section 4.7 in the Plan is unreasonable under the circumstances of this case. This Plan is a 100% payment plan in name only. The Debtor is not making any payments to unsecured creditors until Takeout Financing is obtained up to six years down the road. The circumstance of this case differs greatly from Twin Falls Oil Services, LLC, wherein the debtor was making regular payments to creditors over five years and had default protections built in for those creditors if the debtor failed to make any payments during the five years.

   c. The Plan may not be reasonably feasible. The Court should not confirm a Plan that is speculative in nature. The ability of the Debtor to obtain Takeout Financing in six years is speculative.

   d. The Plan may discriminate unfairly, and may not be fair and equitable.

WHEREFORE, Counsel requests that the Disclosure Statement not be approved until her objections are addressed and/or that the Court preserve said objections for the Plan confirmation hearing.

Dated: November 19, 2025                MARY R. JENSEN
                                              ACTING U.S. TRUSTEE REGION 12

                                              /s/ Sarah J. Wencil
                                              Sarah J. Wencil
                                              Office of the U.S. Trustee
                                              Suite 1015 U.S. Courthouse
                                              300 South Fourth St.
                                              Minneapolis, MN 55415
                                              Telephone: (612) 334-1366
                                              Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

**The Ruins, LLC**                                              **Bankr. No. 25-30004**

    **Debtor.**                                              **Chapter 11**

---

**CERTIFICATE OF SERVICE**

---

Sarah J. Wencil, an employee of the U.S. Trustee office, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.

Dated:   November 19, 2025

                                                      /s/ Sarah J. Wencil
                                                      Sarah J. Wencil