UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:  
    
The Ruins, LLC,

　　　　　　Debtor.
_____/

Bankruptcy No. 25-30004
Chapter 11

**ORDER**

Debtor filed a Motion to Equitably Subordinate Claim of Red River State Bank to Those of All Other Creditors Excepting Insiders, or in the Alternative, for Entry of an Order Directing Red River State Bank to Show Cause Why It Ought Not Be Held in Contempt of Court. Red River State Bank opposed the motion.

In May 2025, Debtor filed a Motion to Extend Exclusivity Period under 11 U.S.C. § 1121 to January 1, 2026. The Court granted Debtor's motion.

Red River State Bank filed a motion in related bankruptcy cases requesting the Court to shorten the exclusivity period. Debtor opposed the motion. No other party filed a response.

At the hearing on the motion, the parties announced their agreement that the exclusivity period in the related cases (and in this bankruptcy case) should lapse on November 28, 2025. The Court acknowledged their agreement, and it entered an order shortening the exclusivity period in the related bankruptcy cases. It did not enter a similar order in this case because the Court understood the stipulation to apply to the related cases only and because no party filed a formal request to shorten the exclusivity period on the docket in this case. Accordingly, the exclusivity period ends on January 1, 2026.

Despite the parties' agreement, Red River State Bank filed a Draft Chapter 11 Plan of Reorganization of the Ruins, LLC, on November 18, 2025, 10 days before November 28, 2025, the lapse date to which the parties agreed.  Debtor promptly filed a motion seeking sanctions for the violation.

Although the Court entered no order shortening the exclusivity period from January 1, 2026, to November 28, 2025, in this case, Red River State Bank filed a Chapter 11 Plan of Liquidation and a Disclosure Statement on December 8, 2025.  See Docs. 214, 215.

At the hearing on Debtor's motion requesting sanctions, Red River State Bank explained that it filed its draft plan as an exhibit in support of its Motion to Convert this bankruptcy case; it maintains it did not intentionally violate the exclusivity period.

In response to the Court's inquiry regarding its decision to file a Chapter 11 Plan of Liquidation and a Disclosure Statement on December 8, 2025, Red River State Bank maintains that it relied on the Court's acknowledgment of the parties' stipulation that the exclusivity period should lapse on November 28, 2025.  It did not wait for a Court order revising the exclusivity period or file a motion seeking to terminate the exclusivity period.

For the reasons stated on the record, Debtor's Motion to Equitably Subordinate Claim of Red River State Bank to Those of All Other Creditors Excepting Insiders is denied.  Under the circumstances, Red River State Bank's violation does not warrant such a harsh penalty.  Likewise, the Court declines to assess monetary sanctions.  Rather, the Court finds it appropriate to postpone consideration of Red River State Bank's plan of liquidation until after Debtor has an opportunity to confirm its Second Amended Plan of Reorganization.  Therefore, IT IS ORDERED:

1. Debtor is granted an opportunity to confirm its Second Amended Plan of Reorganization before the Court will consider Red River State Bank's plan of liquidation.  Accordingly, the hearing on Red River State Bank's Disclosure Statement is postponed until February 5, 2025.  If this Disclosure Statement is approved, the Court will schedule a confirmation hearing in the ordinary course, providing Debtor does not confirm its Second Amended Plan of Reorganization in advance of this hearing.

2. If Debtor withdraws its Second Amended Plan of Reorganization or files a new plan with material changes requiring it to renotice a new plan, the Court will permit Red River State Bank to proceed with its plan on the same date Debtor's new plan is scheduled for confirmation.

Dated: December 17, 2025.

*/s/ Shon Hastings*

SHON HASTINGS, JUDGE
United States Bankruptcy Court