## Settlement Agreement

This Settlement Agreement is entered into as of February 17, 2026 by and between Erik A. Ahlgren as trustee in the bankruptcy of The Ruins, LLC, Bky. No. 25-30004 (the "Trustee") and Red River State Bank ("RRSB").

A. On January 6, 2025, The Ruins, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. On December 31, 2025, upon a motion of RRSB, the Court entered an order converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code (the "Conversion Order"). Pursuant to the Conversion Order, conversion became effective December 31, 2025.

B. The Trustee was appointed Chapter 7 trustee on January 6, 2026.

C. Property of the Debtor's bankruptcy estate includes a partially completed mixed use apartment complex located at 315 E Kemp Avenue Watertown, South Dakota 57201 (the "Real Estate").

D. The Real Estate is secured by RRSB's Mortgage dated March 9, 2022 and recorded on March 10, 2022 at 9:57 a.m. in Book 990 on Page 8555 in the office of the Register of Deeds of Codington County, South Dakota and a Mortgage dated August 1, 2022 and recorded on August 4, 2022 at 11:10 a.m. in Book 990 on Page 9258 in the office of the Register of Deeds of Codington County, South Dakota. (together, the "RRSB Mortgage").

E. The Real Estate is also secured by Watertown Development Corporation's ("WDC") second priority mortgage (the "WDC Mortgage") which is subordinated to the RRSB Mortgage up to $10,490,000 plus interest (such amount, the "Mortgage Cap") pursuant to the Subordination Agreements dated March 7, 2022 and August 22, 2022 respectively (collectively, the "Subordination Agreement").

F. In order to provide for the payment of expenses in the Debtor's Chapter 7 case and to afford unsecured creditors an opportunity to participate in any recovery from the sale of the Real Estate, the Trustee and RRSB have agreed to sell the Real Estate on the terms stated herein.

The parties agree as follows:

1. **Sale Real Estate.** The Trustee is authorized to sell the Real Estate and, upon closing, will apply the proceeds in the following order of priorities:

   a. Unpaid real estate taxes or assessments, and any other liens with priority over the RRSB Mortgage;

    b. Customary filing fees and closing costs, as agreed upon by buyer of the Real Estate;
    c. 5.0% of the gross sales price to be retained by the Trustee on behalf of the Debtor's bankruptcy estate, as a stipulated surcharge pursuant to Section 502(c);
    d. Brokerage fees as approved by the Bankruptcy Court;
    e. The remaining proceeds after (a) - (d), to RRSB to pay the full debt secured by the RRSB Mortgage up to the Mortgage Cap, as required by the Subordination Agreements;
    f. The remaining proceeds in excess of the Mortgage Cap, if any, after payment of items (a) – (e), to the WDC to pay the full debt secured by the WDC Mortgage; and
    g. The remaining proceeds, if any, after payment of items (a) – (f), to the bankruptcy estate for distribution pursuant to the priorities set for in the Bankruptcy Code and as approved by the Court.

2. **Cooperation.** The Trustee anticipates bringing a motion to sell the Real Estate free and clear of liens and encumbrances pursuant to 11 U.S.C. §363. RRSB will cooperate in the sale of the Real Estate and will execute and deliver any reasonably requested document or instrument that may be necessary or desirable to consummate the sale of the Real Estate or effectuate the intent of this Agreement

3. **Effective Date.** This agreement shall become effective upon the parties' receipt of a final order of the bankruptcy court approving this agreement (the "Effective Date"). The Trustee shall make application to the bankruptcy court requesting approval. A final order is an order approving this Agreement that has been entered and not appealed within fourteen (14) days of entry of the order, or, if appealed, an order that is affirmed on appeal. If the agreement is not approved by the bankruptcy court, either party may terminate this agreement by written notice in which case both parties may reassert any and all claims and/or defenses.

4. **Advice of Counsel.** Each of the parties to this Agreement has obtained such counsel as each deems appropriate before entering into this Agreement, and each has independently determined to enter into this Agreement.

5. **Construction.** The Parties acknowledge that they jointly participated in the drafting of this Agreement. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party who caused the document to be drafted. The words "include," "includes," and "including" shall be deemed to be followed by the phrase "without limitation." The use of the singular form of any word includes the plural and vice versa.

6. **Entire Agreement.** This Agreement between and among the Parties constitutes the entire agreement and understanding between and among the Parties

and supersedes all prior agreements, representations and understandings concerning the subject matter hereof. The Parties represent that they did not rely on any statement, oral or written, not contained in this Agreement in making their respective decisions to enter into this Agreement.

7. **Amendments, Waiver.** This Agreement may not be terminated, amended or modified in any way except in a writing signed by all of the Parties. No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

8. **Jurisdiction; Governing Law; Venue.** This Agreement shall be governed, construed, interpreted and enforced according to the internal laws of the State of North Dakota without regard to the conflicts of law principles of any jurisdiction except to the extent that the laws of such State are superseded by the Bankruptcy Code, the Bankruptcy Rules or other applicable federal law. The Parties agree that the Bankruptcy Court for the District of North Dakota shall have exclusive jurisdiction and authority over the subject matter of this Agreement, and any and all disputes relating to this Agreement and the subject matter thereof (including without limitation any action to interpret or enforce this Agreement, or any provision thereof), and the Parties hereby consent to and submit to the jurisdiction and authority of the Bankruptcy Court for any such action and waive any argument that venue in such forum is or shall be inconvenient.

IN WITNESS WHEREOF, the parties have executed this agreement.

**Bankruptcy Estate of The Ruins, LLC,**
**Bky. No. 25-30004**

_____
By Erik A. Ahlgren, Trustee

**Red River State Bank**

_____
By Charles Aarestad
Its EVP