UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

---

In re:

The Ruins, LLC,                                      Case No.: 25-30004
                                                     Chapter 7

Debtor.

---

### APPLICATION TO EMPLOY REAL ESTATE AGENTS

---

1. Applicant is the trustee in this case (the "Trustee").

2. Applicant believes that the employment of real estate agents is necessary to represent or assist the Trustee as follows: perform real estate consulting and advisory services to market and sell certain real property of the bankruptcy estate, as more specifically set forth in the terms of the agreement attached hereto as Exhibit A by and among Hilco Real Estate, LLC and Sioux Falls Commercial, Inc. dba NAI Sioux Falls (collectively, the "Co-Brokers") and the Trustee.

3. The Co-Brokers are qualified by reason of practice and experience to render such representation and assistance.

4. Proposed compensation and reimbursement of expenses is as follows: The Co-Brokers will earn and split a 5% commission if the Debtor's real estate is sold; Co-Brokers will be entitled to reimbursement of certain expenses; and in the event of a credit bid, the Co-Brokers will be entitled to a flat fee, as set forth in greater detail in Exhibit A.

5. Said professionals have disclosed to the undersigned that they have the following connections with the Debtor(s), creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee: None except that Erik A. Ahlgren is the Trustee in this case.

6. The Trustee has asked the professionals to begin work immediately to expedite a sale of the real property. Therefore, the Trustee respectfully requests that the employment be authorized effective as of the date of this application.

WHEREFORE, applicant prays that the Court approve such employment by the Trustee.

Dated: February 27, 2026

/s/ Erik A. Ahlgren
Erik Ahlgren, Chapter 7 Trustee
Ahlgren Law Office, PLLC
220 W Washington Ave. Ste 105
Fergus Falls MN  56537

## 2014(a) RULE VERIFICATION

Erik Kaup, Executive Director, Chief Commercial Officer, and Special Counsel of Hilco Trading, LLC, the parent company of Hilco Real Estate, LLC, one of the proposed professionals named in the foregoing application, declares under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: February 26, 2026

                                                              Eric Kaup,
                                                              Executive Vice President,
                                                              General Counsel, Hilco Trading, LLC

## 2014(a) RULE VERIFICATION

Michael Martin, Senior Vice President of Sioux Falls Commercial, Inc. dba NAI Sioux Falls, one of the proposed professionals named in the foregoing application, declares under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: February 26, 2026

_____
Michael Martin,
Senior Vice President
Sioux Falls Commercial, Inc.

# EXHIBIT A

<u>REAL ESTATE CONSULTING, ADVISORY SERVICES, AND CO-BROKER AGREEMENT</u>

This Real Estate Consulting, Advisory Services, and Co-Broker Agreement (the "Agreement") is entered into as of February 26, 2026, by and between Hilco Real Estate, LLC ("Hilco") and Sioux Falls Commercial, Inc. d/b/a NAI Sioux Falls ("Co-Broker" and together with Hilco, "Broker"), on the one hand, and Erik A. Ahlgren, solely in his capacity as Chapter 7 Trustee (the "Trustee") of The Ruins, LLC (the "Debtor") in that certain Chapter 7 case, Case No. 3:25-bk-30004 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the District of North Dakota (Fargo) (the "Bankruptcy Court").

<u>Recitals</u>:

WHEREAS, the Trustee desires to retain Broker as its exclusive agent to market for sale on its behalf that certain real estate property identified on <u>Exhibit A</u> attached hereto (each, a "Property") in accordance with the terms set forth herein; and

WHEREAS, Broker is willing to serve as Trustee's exclusive agent to perform the services described herein on the terms set forth herein.

<u>Agreement</u>:

NOW, THEREFORE, in consideration of the foregoing recitals and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Trustee and Broker agree as follows:

1. <u>Consulting and Advisory Services</u>. At the Trustee's request, Broker shall provide consulting and advisory services in connection with the sale of the Property. Such services shall include:

   (a) Meeting with the Trustee to ascertain the Trustee's goals, objectives and financial parameters in selling the Property. The sales structure, including reserve pricing, is more specifically described on <u>Exhibit B</u>.

   (b) Soliciting interested parties for the sale of the Property and marketing the Property for sale through a managed qualifying bid process. The bid deadline is anticipated to be on or about April 27, 2026 or within eight (8) weeks after the date hereof. The sales structure, is more specifically described on <u>Exhibit B</u>.

   (c) At the Trustee's direction and on the Trustee's behalf, negotiating the terms of the sale of the Property.

2. <u>Term</u>. The term (the "Term") of this Agreement shall commence upon the execution hereof and shall expire six (6) months from the date hereof unless terminated earlier (for cause, as set forth in Section 10 hereof) or extended pursuant to the terms hereof. The Term may be extended for successive thirty (30) day periods upon written agreement by Broker and the Trustee. The parties acknowledge and agree that the effectiveness of this Agreement is contingent upon approval by final order of the Bankruptcy Court and approval by final order of the Bankruptcy Court of that certain motion for approval of settlement agreement by and between the

Trustee and Red River State Bank filed on February 17, 2026 (ECF Docs. 265, 266) (the "Carve Out Agreement").

3. <u>Authority</u>.  During the Term, Broker shall serve as the Trustee's exclusive agent for the purposes set forth in Section 1 above.  The Trustee agrees to use commercially reasonable efforts to redirect to Hilco any communications and inquiries from prospective buyers made to the Trustee regarding a sale of the Property during the Term.  The parties hereto agree that Broker is serving as an independent contractor for the Trustee pursuant to this Agreement for the limited purposes set forth herein and nothing herein shall be construed to establish a partnership or joint venture between Broker and the Trustee.

4. <u>Compensation.</u>

(a)    In the event any Property is sold (or the reserve price is met as set forth on <u>Exhibit B</u>), Broker shall earn a fee equal to an amount as specified on <u>Exhibit B</u> of this Agreement.

(b)    All fees payable to Hilco hereunder shall be free and clear of any liens, claims and encumbrances, including the liens of any secured parties and shall be payable at the time of closing on a sale or other transaction relating to a Property.

(c)    Except as set forth herein, Broker shall not be responsible for any other fees or commissions in connection with the disposition of the Property, including, but not limited to, any fees or commissions that may be owed to the Trustee or Debtor's previous real estate brokers.

5. <u>Survival</u>.  If, within ten (10) days after the termination or expiration of the Term, Broker delivers to the Trustee a written list of prospects for the Property (the "Prospect List"), and within one hundred and eighty (180) days after the termination or expiration of the Term, the Trustee consummates a sale of the Property to a prospect (or its successor, assignee or designee) set forth on the Prospect List, Broker shall be entitled to a fee, payable by the Trustee, in accordance with Section 5 hereof as if the sale had been agreed to or consummated during the Term of this Agreement. Any prospects identified on the Prospect List shall be limited to potential buyers that have provided written inquiry about purchasing the Property to the Trustee or Broker during the Term.

6. <u>Reimbursable Expenses.</u> The Trustee shall reimburse Hilco for all reasonable and customary Reimbursable Expenses (as defined below) incurred in connection with the performance of the services proposed hereunder, for which Hilco and the Trustee shall agree on a proposed budget; provided, further, that such reimbursement obligation shall be capped at thirty-two thousand and five hundred dollars ($32,500). In addition to any other fees due hereunder, the Reimbursable Expenses shall be due and payable at the closing of the sale of the Property to a third party, including a sale to a lender successfully credit bidding on such Property.  If the Property does not sell during the Term of this Agreement, no Reimbursable Expenses shall be due and payable to Hilco pursuant to this Agreement, unless the Trustee is the cause of a failure to close a sale of the Property that has been approved by a final order of the Bankruptcy Court. "**Reimbursable Expenses**" means all out-of-pocket expenses incurred in connection with the

2

performance of the contemplated services, including, without limitation, expenses of marketing, advertising, and selling the Property.

7.  <u>No Guaranty</u>. Broker has not guaranteed, and is not hereby guarantying, any specific result on the sale of the Property.

8.  <u>Reserved</u>.

9.  <u>General Provisions</u>.

(a)  The Trustee and Broker shall deal with each other in good faith so as to allow both parties to perform their duties and earn the benefits of this Agreement.

(b)  The effectiveness of this Agreement is subject to and contingent upon the entry of (i) a final order approving this Agreement by the Bankruptcy Court (the "**Retention Order**"), in form and substance reasonably acceptable to Broker, authorizing the Trustee's entry into this Agreement, which the Trustee agrees to use its commercially reasonable efforts to obtain as soon as practicable and (ii) a final order approving the Carve Out Agreement by the Bankruptcy Court.

(c)  **Notices**. All notices required or permitted to be given under this Agreement shall be in writing and shall be deemed to have been given and received (a) when personally delivered, or delivered by same-day courier; or (b) on the third business day after mailing by registered or certified mail, postage prepaid, return receipt requested; or (c) upon delivery when sent by prepaid overnight express delivery service (e.g., FedEx, UPS); or (d) when sent by email or facsimile and upon the receipt by the sending party of written confirmation by the receiving party; provided, however, that an automated facsimile or email confirmation of delivery or read receipt shall not constitute such confirmation:

|  |  |
|---|---|
| If to Hilco: | Hilco Real Estate, LLC<br>5 Revere Drive<br>Suite 320<br>Northbrook, Illinois 60062<br>Tel.    (847) 418-2703<br>Fax    (847) 897-0826<br>Attn:    Jeff Azuse<br>jazuse@hilcoglobal.com |
| with a copy to: | Hilco Global<br>5 Revere Drive, Suite 206<br>Northbrook, Illinois 60062<br>Tel.    (847) 504-2462<br>Fax    (847) 897-0874<br>Attn:    Eric Kaup |

3

|  |  |
|---|---|
| If to Co-Broker: | Sioux Falls Commercial<br>2500 W 49th Street<br>Suite 101<br>Sioux Falls, South Dakota 57105<br>Tel.  (605) 357-7100<br>Attn: Michael Martin, Senior Vice President<br>mmartin@naisiouxfalls.com |
| with a copy to: | Sioux Falls Commercial<br>2500 W 49th Street<br>Suite 101<br>Sioux Falls, South Dakota 57105<br>Tel.  (605) 357-7100<br>Attn: Marcus Mahlen, President<br>mmahlen@naisiouxfalls.com |
| If to Trustee: | Erik A. Ahlgren, Trustee<br>Ahlgren Law Office, PLLC<br>Suite 105 (East Entrance)<br>220 West Washington Ave<br>Fergus Falls, MN 56537<br>Tel.  218-998-2775<br>Fax  218-998-6404<br>erik@ahlgrenlawoffice.net |

(d)   This Agreement shall be deemed drafted by both parties hereto, and there shall be no presumption against either party in the interpretation of this Agreement.

(e)   By executing or otherwise accepting this Agreement, Trustee and Broker acknowledge and represent that they are represented by and have consulted with independent legal counsel with respect to the terms and conditions contained herein.

(f)   This Agreement may be executed in original counterparts, and if executed and delivered via facsimile or electronic mail shall be deemed the equivalent of an original.

(g)   This Agreement creates no third-party beneficiaries.

(h)   The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect, and the invalid or unenforceable provision shall be reformed to the minimum extent required to render it valid and enforceable and to affect the intent of this Agreement.

(i)   Neither this Agreement nor any of the rights hereunder may be transferred or assigned by either party hereto without the prior written consent of the other party. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and permitted assigns.

(j)   No modification, amendment or waiver of any of the provisions contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement, shall be binding upon any party to this Agreement unless made in writing and signed by a duly authorized representative or agent of such party. The failure by either party to enforce, or the delay by either party in enforcing, any of said party's rights under this Agreement shall not be construed as a continuing waiver of such rights, and said party may, within such time as is provided by the laws established by any government with applicable jurisdiction, commence appropriate suits, actions or proceedings to enforce any or all of such rights. A waiver by either party of a default in one or more instances shall not be construed as a waiver in other instances.

(k)   This Agreement, together with all additional schedules and exhibits attached hereto, constitutes a single, integrated written contract expressing the entire agreement of the parties concerning the subject matter hereof. No covenants, agreements, representations or warranties of any kind whatsoever have been made by any party to this Agreement except as specifically set forth in this Agreement. All prior agreements, discussions and negotiations are entirely superseded by this Agreement.

(l)   All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

(m)   This Agreement has been made under the laws of the State of North Dakota and such laws will control its interpretation and any and all issues, disputes, claims or causes of action which relate or pertain to, or result or arise from this Agreement or Broker's services hereunder, shall be settled by the Bankruptcy Court

(n)   The Trustee acknowledges and agrees that Broker may present the Property for sale to a potential purchaser who is also exclusively represented by Broker. In such event, Broker will disclose such arrangement to the Trustee, and Broker shall be considered a co-broker and may be paid a commission as the exclusive agent for the prospective purchaser in addition to any commission owed for the listing of the Property, except that in no event shall the Trustee be obligated for any commission in excess of the amount provided for herein.

(o)   <u>Reserved</u>.

(p)   THE TRUSTEE AND BROKER AGREE THAT THE PROPERTY WILL BE OFFERED FOR SALE AND WILL BE SOLD WITHOUT REGARD TO RACE,

Docusign Envelope ID: 96B95D8A-36E2-4186-BA35-0F84EC99A783

COLOR, RELIGIOUS CREED, ANCESTRY, AGE, NATIONAL ORIGIN, DISABILITY OR FAMILIAL STATUS.

10. <u>Termination for Cause</u>.

The Trustee may terminate this Agreement for cause upon written notice to Broker at any time prior to the expiration of the Term. Termination for cause shall mean any termination as a result of Broker's fraud, misrepresentation, negligence, willful misconduct or material breach of any of the terms of this Agreement. Upon termination of this Agreement pursuant to this Section 10, the Trustee shall be liable for payment of accrued and unpaid Reimbursable Expenses of Hilco as of the effective date of the termination by the Trustee solely to the extent such Reimbursable Expenses became due and owing pursuant to Section 6 prior to any such termination.

*[Rest of Page Left Intentionally Blank]*

6

IN WITNESS WHEREOF, Trustee and Broker have executed and delivered this Agreement as of the date first above written.

| TRUSTEE | HILCO REAL ESTATE, LLC |
|---|---|
| By: *[signature]* | By: Eric Kaup |
| Title: Trustee | Title: Authorized Signatory |
| Date: 2/26/2026 | Date: February 26, 2026 |

SIOUX FALL COMMERCIAL, INC. d/b/a NAI SIOUX FALLS

By: Gregg Brown *(DocuSigned)*

Title: Partner, Designated Broker

Date: 2/26/2026 | 4:31 PM CST

# EXHIBIT A

Property

Property Addresses: 315 E Kemp Avenue Watertown, South Dakota 57201

and legally described as: The Ruins Addition to the City of Watertown, Codington County, South Dakota, according to the recorded plat thereof.

# EXHIBIT "B"

## Sales Process & Commission Structure

**SALES STRATEGY & STRUCTURE:** Managed Bid Sales Process

Unless otherwise specified herein or agreed to between Broker and the Trustee in writing, the sale will be conducted as a "**reserve sale**" subject to the approval of the Trustee, those of Trustee's secured lender(s) with properly perfected and recorded interests in the Property, and the bankruptcy court.. The sale of the Property shall be "AS-IS" and the Trustee, as seller, makes no disclosures, warranties or representations, express or implied, with respect to the Property. Any conveyance of the Property from the Trustee shall be by a Trustee's Deed.

**COMMISSION**

**CASH SALE**
- In the event of a final closing of a sale of the Property, Hilco and Co-Broker shall earn a total fee/commission equal to five percent (5.0%) of the Gross Sale Proceeds. Hilco and Co-Broker will split the fee three- and one-half percent (3.5%) to Hilco and one- and one-half percent (1.5%) to Co-Broker. For purposes hereof, "**Gross Sale Proceeds**" shall mean the aggregate cash and non-cash consideration received by the Trustee, including any credit bid, in consideration of a Property. The value of non-cash consideration paid for a Property shall be determined by mutual agreement between Broker and the Trustee.

**CREDIT BID SALE**
- If title to the Property is transferred to Red River State Bank or its successors or assigns (in each case, the "Secured Creditor") on account of the Secured Creditor's credit bid or deed in lieu, Broker shall earn a flat fee of seventy-five thousand dollars ($75,000), plus reimbursement of out-of-pocket marketing expenses capped at thirty-two thousand and five hundred dollars ($32,500). This fee shall be paid by Secured Creditor at closing and split between Hilco and Co-Broker as follows: (a) Hilco shall receive $50,000 plus reimbursement of out-of-pocket marketing expenses capped at thirty-two thousand and five hundred dollars ($32,500) and (b) Co-Broker shall receive $25,000.

9

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

The Ruins, LLC,                                                   Case No.: 25-30004
                                                                  Chapter 7

        Debtor.

**NOTICE OF APPLICATION FOR APPROVAL OF EMPLOYMENT OF REAL ESTATE AGENTS**

The Trustee filed and served an Application for Approval of Employment of Real Estate Agents dated February 27, 2026. Your rights may be affected in the action. You should read the papers carefully and discuss the matters with your attorney if you have one. If you want the court to consider your views you should mail a written response to the action, within 14 days of the date of mailing of this document, and file the response with the Clerk of Bankruptcy Court and a copy served upon the U.S. Trustee and Bankruptcy Trustee.

| Clerk, U.S. Bankruptcy Court | United States Trustee | Trustee |
|---|---|---|
| Quentin N Burdick U.S. Courthouse | 314 S Main Ave. | (See address below) |
| 655 First Ave N – Ste 210 | Suite 303 | |
| Fargo ND  58107-4932 | Sioux Falls SD  57104-6462 | |

DATE OF MAILING: February 27, 2026

        /s/ Erik Ahlgren
        Erik Ahlgren, Chapter 7 Trustee
        Ahlgren Law Office, PLLC
        220 W Washington Ave. Ste 105
        Fergus Falls MN  56537
        218-998-2775
        erik@ahlgrenlawoffice.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,  Case No.: 25-30004
Chapter 7

Debtors.

## UNSWORN CERTIFICATE OF SERVICE

I, Lisa Ahlgren, declare under penalty of perjury that on February 27, 2026 that those entities requesting electronic notice were served electronically via CM/ECF:

Christianna A. Cathcart on behalf of Debtor The Ruins, LLC
christianna@dakotabankruptcy.com, Cathcart.ChristiannaB114029@notify.bestcase.com

Jordan J Feist on behalf of Creditor Watertown Development Company
jordan.feist@woodsfuller.com, bailey.jacobsma@woodsfuller.com

Dan Frisk on behalf of 3rd Pty Defendants Craig Development, LLC, Craig Properties, LLC, Jesse Craig, Jordan Horner, and Interested Party Mulinda a/k/a Mindy Craig
peggy@stflawfirm.com

Drew J. Hushka on behalf of Creditor and Defendant Red River State Bank
dhushka@vogellaw.com, sthompson@vogellaw.com,lstanley@vogellaw.com,kjohnson@vogellaw.com

Jeffrey Klobucar on behalf of Creditor Diamond Wall Systems, Inc.
jklobucar@bassford.com, jlavaque@bassford.com

John M Krings, Jr. on behalf of Creditor D & M Industries, Inc.
john@kdlawpartners.com, janae@kdlawpartners.com

Douglas Murch on behalf of Interested Party Jesse Craig
dmurch@conmylaw.com, rstallman@conmylaw.com;landerson@conmylaw.com

Caren Stanley on behalf of Creditor and Defendant Red River State Bank
cstanley@vogellaw.com, sthompson@vogellaw.com;lstanley@vogellaw.com;kjohnson@vogellaw.com

David R. Strait on behalf of Creditor Watertown Development Company
david@austinlawsd.com, aphillips@austinlawsd.com

Kesha Tanabe on behalf of Creditor and Defendant Red River State Bank
ktanabe@vogellaw.com, sthompson@vogellaw.com;lstanley@vogellaw.com;kjohnson@vogellaw.com

Maurice VerStandig on behalf of Plaintiff and Counter-Defendant Parkside Place LLC
mac@mbvesq.com, mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw

@recap.email

Maurice VerStandig on behalf of Debtor The Ruins, LLC
mac@mbvesq.com, mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Maurice VerStandig on behalf of Plaintiff Generations on 1st LLC
mac@mbvesq.com, mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Sarah J. Wencil on behalf of U.S. Trustee United States Trustee
sarah.j.wencil@usdoj.gov

United States Trustee
USTPRegion12.SX.ECF@usdoj.gov

Executed on: February 27, 2026         Signed: /s/Lisa Ahlgren
                                              Lisa Ahlgren
                                              220 W. Washington Ave. Ste 105
                                              Fergus Falls MN  56537