## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,                                          Case No.: 25-30004
                                                         Chapter 7
                    Debtor.

## EVIDENTIARY HEARING BRIEF

Trustee Erik A. Ahlgren ("Trustee") submits this brief in support of his rejection

of the lease entered between the Debtor and the City of Watertown, South Dakota,

dated December 22, 2021 for a portion of the premises located at 315 E Kemp Avenue

Watertown, South Dakota (the "Lease").

## BACKGROUND FACTS

Debtor owns a mixed-use residential and commercial building. Pursuant to the

Lease, 1,200 square feet of floor area on the first floor of Debtor's building is leased to

the City of Watertown pursuant to the Lease (the "Premises"). The term of the Lease is

for a period of 237 months with four additional automatic renewal periods of an equal

length. Should all renewal periods be exercised, the Lease would terminate on June 30,

2131. The Base Rent under the Lease is $1.00 per year. Under the Lease, the Premises

shall be used as a public gathering space and restroom facilities shall be used as an

amenity to the adjacent City of Watertown downtown public park. The amount

deposited by Tenant to Landlord for a security deposit was zero dollars.

## LEGAL STANDARD

The Trustee's rejection of a lease is governed by Section 365 of the Bankruptcy Code and review of the Trustee's rejection is based on the business judgment standard, which requires only that the trustee's decision be made in good faith and appear to enhance the debtor's estate.

Under business judgment standard, the bankruptcy court will generally approve the choice of a trustee to assume or reject an executory contract. *Mission Product Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 374 (2019). The Supreme Court has explained that the power of rejection may be exercised by a debtor or a bankruptcy trustee for any plausible economic reason. *Id.* at 382. The Eighth Circuit has clarified that "although the court uses a business judgment test in deciding whether to approve a trustee's motion to assume, reject, or assign an unexpired lease or executory contract, this entails a determination that the transaction is in the best interest of the estate". *In re Food Barn Stores, Inc.*, 107 F.3d 558, fn. 16 (8th Cir. 1997).

The business judgment test "is not an onerous one and does not require the bankruptcy court to place itself in the position of the trustee or the DIP and determine whether assuming the lease would be a good business decision or a bad one". *In re Crystalin, L.L.C.*, 293 B.R. 455, 463-4 (8th Cir. BAP 2003). The court should normally grant approval "as long as (the proposed action) appears to enhance (the) debtor's estate" and where the trustee's request is not manifestly unreasonable or made in bad faith. *In re Food Barn Stores, Inc.*, 107 F.3d 558, fn. 16 (8th Cir. 1997)(citation omitted).

## ARGUMENT

The Trustee's Notice of Rejection of the Lease (Doc. 272) explained that the Lease is deemed detrimental to the Trustee's prospective sale of the Debtor's residential apartment complex. The City of Watertown objected (Doc. 284) asserting that the assumption of the Lease by the Trustee would enhance the prospective sale of the building. At hearing, the Trustee intends to provide testimony from Michael Martin, who has been retained as the sales agent (Doc. 287), and Jonathan Cuticelli, the Director of Real Estate Asset Sales at Hilco Global, that the Lease is will not enhance the prospective sale of the building and that it is likely to be a detriment to the sale of the building. It is further expected that the testimony from the representative of the City will show that, if the eventual buyer of the building determines that the Lease would be a benefit to their proposed operation, that the City would then be willing to enter into a Lease on similar terms.

### CONCLUSION

The Trustee intends to show at hearing that he utilized reasonable business judgment, based upon the advice of the sales agents retained on behalf of the estate and with the approval of the Court, to determine that rejection of the Lease is in the best interests of the bankruptcy estate. Accordingly, the Trustee respectfully asserts that the rejection of the Lease should be upheld.

Ahlgren Law Office, PLLC

Dated: April 1, 2026                    /e/Erik A. Ahlgren

Attorney #09561 (ND)
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlawoffice.net

ATTORNEY FOR TRUSTEE