**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

The Ruins, LLC,                                                                    Case No. 25-30004

                                                                                            Chapter 7

                    Debtor.

**CHAPTER 7 TRUSTEE'S BRIEF IN SUPPORT OF MOTION TO REJECT
NONRESIDENTIAL REAL PROPERTY LEASE UNDER 11 U.S.C. § 365(a)**

Trustee Erik A. Ahlgren (the 'Trustee") submits this brief following the hearing on his

motion to reject a lease (the "Motion") by and between Debtor and the City of Watertown, South

Dakota the ("Lessee"), dated December 22, 2021, for a portion of the premises located at 315 E

Kemp Avenue Watertown, South Dakota (the "Lease").

INTRODUCTION

The Trustee moves to reject a burdensome nonresidential real property lease pursuant to

11 U.S.C. § 365(a). The Lessee objects, invoking 11 U.S.C. § 365(h). The Lessee's objection

misapprehends both the statutory framework and the applicable standard. Section 365(a)

authorizes rejection where, in a trustee's business judgment, rejection benefits the estate. The

business judgment rule governs and is highly deferential. While § 365(h) affords certain election

rights to a lessee when a trustee rejects a real property lease, it does not curtail a trustee's

threshold right to reject, nor does it alter the business judgment standard. The Court should

approve rejection.

ISSUE PRESENTED

Whether the Court should approve the Trustee's decision to reject the Lease under § 365(a) notwithstanding the Lessee's objections premised on § 365(h).

STANDARD OF REVIEW

Approval of rejection under § 365(a) is governed by the business judgment rule. *In re Food Barn Stores*, 107 F.3d 558, 567, fn.16 (8th Cir.1997) If a trustee's request is not manifestly unreasonable or made in bad faith, a court should normally grant approval if the action enhances the debtor's estate. *Id*. In other words, the Trustee's decision is entitled to great deference and should be approved if it is a reasonable exercise of judgment made to benefit the estate, absent bad faith, whim, or caprice. The Court does not substitute its judgment for that of the Trustee and does not require a showing that rejection is the best of all possible alternatives; it is sufficient that the decision is within the range of reasonableness based on the facts known at the time.

ARGUMENT

I. Section 365(a) Expressly Authorizes the Trustee to Reject Executory Contracts and Unexpired Leases, Subject to the Business Judgment Rule.

Section 365(a) provides that, "subject to the court's approval," a trustee "may assume or reject any executory contract or unexpired lease of the debtor." The provision lodges discretion in a trustee to determine whether assumption or rejection will maximize value for the estate. Courts apply the business judgment rule to evaluate the decision. Under this deferential standard, the Court should approve rejection if the Trustee articulates a good-faith, rational basis that rejection benefits the estate, such as reducing administrative expenses, eliminating burdensome obligations, or facilitating an efficient liquidation.

Here, the Trustee has determined that the Lease is detrimental to the sale of the underlying real property and would impose a burdensome obligation on the estate if it were required to complete leasehold improvements. Rejection will preserve estate resources for distribution to creditors and increase the value of the underlying real property which is currently on the market. That is paradigmatic business judgment.

II. Section 365(h) Does Not Restrict the Trustee's Right to Reject; It Defines the Lessee's Post-Rejection Remedies and Election.

Section 365(h) addresses the consequences of rejection of a lease under which a debtor is the lessor. It affords a lessee an election, upon rejection, either to (a) treat the lease as terminated if the rejection amounts to a termination under applicable nonbankruptcy law, or (b) retain its rights under the lease for the remainder of the term (and any extensions) to the extent such rights are derived from the lease and applicable nonbankruptcy law, including the right to quiet enjoyment, subject to the lessee's continued performance of obligations that run with possession.

Crucially, § 365(h) presupposes that rejection has occurred; it does not grant a lessee a veto over rejection or alter the legal standard for approval. The statute allocates the risk and remedies after rejection—allowing a lessee to remain in possession if it elects to retain its rights—but it does not eliminate a trustee's § 365(a) authority to reject in the first instance. Thus, the Lessee's reliance on § 365(h) is misplaced as a basis to deny the Motion; the Lessee's remedy, if any, lies in making the statutory election and asserting any resulting claims.

III. The Business Judgment Rule Is Satisfied on This Record.

The Trustee's decision rests on a clear, rational assessment. The Lease provides no material benefit to the estate. The Lease is not necessary to sell the underlying real estate and in fact hinders the value thereof. Further, rejection conserves estate resources. Immediate rejection

eliminates any of Debtor's obligations to improve the leasehold premises. These are precisely the considerations courts endorse when approving rejection decisions. The Lessee's preference that the estate continues performing is not a cognizable basis to override the Trustee's judgment. The Bankruptcy Code balances interests by allowing rejection subject to a lessee's § 365(h) protections.

IV. <u>The Lessee's Anticipated Arguments Under § 365(h) Do Not Defeat Rejection.</u>

A.  <u>Continued Possession Rights Do Not Bar Rejection</u>.

The Lessee may contend that, because § 365(h) permits it to remain in possession, the Trustee cannot reject. That argument inverts the statute. Section 365(h) delineates post-rejection rights; it does not bar rejection. If a lessee elects to retain its rights, it may remain in possession subject to the lease's terms that run with possession, while the estate is relieved of affirmative performance obligations. The coexistence of rejection and continued possession is the statutory design.

B.  <u>Specific Performance or Rent Enforcement Cannot Compel Assumption</u>.

To the extent the Lessee seeks to compel ongoing performance, that relief would effectively force assumption contrary to § 365(a). The Bankruptcy Code provides a comprehensive regime: rejection relieves the estate of burdensome obligations, and § 365(h) protects a lessee's possessory and related rights to the extent preserved by the statute and nonbankruptcy law. The Lessee cannot expand those rights to negate the Trustee's rejection authority.

V. <u>If the Lessee Remains In Possession of the Leased Premises After the Lease is Rejected Under § 365(h), the Trustee is Relieved of All Obligations to Improve the Leased Premises or Otherwise Perform Under the Lease</u>.

When a Chapter 7 trustee rejects a lease under Section 365(h) of the Bankruptcy Code and a lessee remains in possession, a trustee is relieved of obligations to improve the leased premises and other affirmative performance obligations under the lease. Section 365(h) enables a trustee to reject an undesirable lease regardless of the condition of the premises at the time of rejection, thereby relieving the estate from covenants requiring future performance, such as the provision of utilities, repairs, maintenance, and janitorial services. *In re Stable Mews Associates, Inc.*, 41 B.R. 594, 597 (Bkrtcy.S.D.N.Y.1984) (citations omitted). When a trustee rejects an unexpired lease of real property where the debtor is the lessor, Section 365(h)(1)(A) provides the lessee with two options: the lessee may treat the lease as terminated, or alternatively, may remain in possession of the leasehold for the balance of the term and any enforceable renewal terms.  11 U.S.C.A. §365. If the lessee elects to remain in possession after rejection, the lessee retains rights "such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation" that are enforceable under applicable nonbankruptcy law. 11 U.S.C.A. §365 (h)(1)(A)(ii). Courts have consistently held that Section 365(h) was designed to preserve the lessee's possessory interests in its leasehold while allowing the debtor-lessor "to escape the burden of providing continuing services to a tenant." *In re Lee Road Partners, Ltd.*, 155 B.R. 55, 60 (Bkrtcy. E.D.N.Y.1993).

 If a lessee chooses to remain in possession following rejection, the lessee's remedies are limited. A lessee may offset against rent any damages occurring after the date of rejection that result from the landlord-debtor's defaulted obligations under the lease. *In re Kong*, 162 B.R. 86,

95, fn. 14 (Bkrtcy. E.D.N.Y.1993). However, other than this offset, a lessee is not entitled to damages for future non-performance by the landlord. *Id*. Section 365(h)(2) specifically limits the damages available against the debtor should the debtor fail to perform. *In re Chestnut Ridge Plaza Associates, L.P.*, 156 B.R. 477, 482 (Bkrtcy. W.D. Pa.1993).

In summary, a Chapter 7 trustee who rejects a lease under Section 365(h) is relieved of all obligations to improve the leased premises and provide other affirmative services, while the lessee who remains in possession retains possessory rights but is limited to offsetting damages against rent for the trustee's non-performance.

CONCLUSION

The Trustee's decision to reject the Lease is a sound exercise of business judgment that will reduce administrative expenses and maximize value for creditors. Section 365(h) does not impair the Trustee's right to reject; it simply affords the Lessee defined post-rejection elections and remedies. The Court should approve rejection of the Lease effective as of the date of the Motion, February 26, 2026, and grant such other and further relief as is just and proper.

Ahlgren Law Office, PLLC

Dated: April 13, 2026

/s/Erik A. Ahlgren
Erik A. Ahlgren, Attorney #09561(ND)
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
erik@ahlgrenlawoffice.net

ATTORNEYS FOR TRUSTEE