**United States Bankruptcy Court**
**District of North Dakota**

| | | | |
|---|---|---|---|
| In re: | **The Ruins, LLC** | Case No. | **25-30004** |
| | Debtor | Chapter | **7** |

## POST-HEARING BRIEF OF CITY OF WATERTOWN

### I. FACTS

[¶1.]   The Ruins, LLC and the City of Watertown (hereinafter City) entered into a Lease dated December 22, 2021. The City leased 1,200 square feet of a building known as "The Ruins". Pursuant to Section 1.8 of the Lease, the City would use the leased space for public gathering space and restroom facilities as an amenity to the adjacent downtown public park. The Lease was admitted into evidence at the hearing held on April 6, 2026. Pursuant to Section 1.10, the Lease commenced November 1, 2022.

[¶2.]   The Ruins, LLC filed its petition for relief under Chapter 11 of the Bankruptcy Code on January 6, 2025. The case was converted to a case under Chapter 7 on December 31, 2025. Erik A. Ahlgren (hereinafter Trustee) is the Chapter 7 Trustee.

[¶3.]   The Trustee filed his Motion for Rejection of Leases and Contracts on February 26, 2026. The City filed its Return to Motion for Rejection of Leases and Contracts on March 12, 2026. The hearing on this matter was held on April 6, 2026. Briefs are filed by the Trustee and the City as requested by the Court.

### II. LEGAL STANDARD

[¶4.]   Rejection of a lease is governed by §365 of the Bankruptcy Code. Under the business judgment standard, a bankruptcy court will generally approve the decision of a trustee to reject an executory contract. Mission Product Holdings, Inc. v. Tempnology, LLC 587 U.S. 370, 374 (2019). Although a court uses a business judgment test in deciding whether to approve a motion

by a trustee to reject an unexpired lease, the transaction must be in the interest of the estate. In re Food Barn Stores, Inc., 107 F.3d 558, fn. 16 (8th Cir. 1997). A court should normally grant the request of the trustee unless the request of the trustee is manifestly unreasonable or made in bad faith. Id.

## III. LEGAL ARGUMENT

### A. Rejection of the Lease is not in the best interest of the Estate.

[¶5.] The Trustee has filed a Motion to reject the Lease between the Debtor and the City. The Trustee bears the burden of proof that rejection is in the best interest of the Estate. The Trustee failed to meet his burden of proof.

[¶6.] There is no benefit to the Estate if the Lease is rejected. The City made it clear that it would exercise its rights under Bankruptcy Code § 365(h)(1)(A)(ii) and stay in possession of the leased premises. Pursuant to Section 1.9 of the Lease, the City could remain in the leased premises until June 30, 2121. While the Trustee is correct that Bankruptcy Code § 365(h) does not necessarily prevent a trustee from rejecting a lease, it can negate any alleged benefits to the Estate. If the Trustee cannot prove a benefit to the Estate from rejection, the Motion should be denied.

[¶7.] The testimony from the witness of the Trustee at the hearing, Michael Martin, was that the Lease was detrimental because the 1,200 square feet referenced in Section 1.7 of the Lease would be dead space. However, with the City exercising its rights under Bankruptcy Code § 365(h), the leased premises could remain dead space until June 30, 2121. Therefore, there is no benefit to the Estate from the rejection of the Lease.

[¶8.] Mr. Martin, testified that he has not been to the building in Watertown, South Dakota. He could not provide actual testimony as to the cost to make the leasehold improvements; he could only speculate as to the cost.

[¶9.]    There is no evidence in the record that the Trustee has been to the building in Watertown, South Dakota. His decision to attempt to reject the Lease is based upon the speculative testimony of Mr. Martin, who did not even know the square footage of this building that he is to be selling. Additionally, neither the Trustee nor Mr. Martin had any substantive conversations with any City official as to any benefits to the Estate from rejecting the Lease. Therefore, the Trustee failed to meet his burden of proof that rejection of the Lease is in the best interest of the Estate.

[¶10.]  Any buyer of the building would not be allowed to do anything with the leased premises, if the City exercises its rights under Bankruptcy Code § 365(h). Any buyer, however, would not suffer a detriment. Pursuant to Section 6.1 of the Lease, the City is required to maintain the leased premises. Pursuant to Section 6.2 of the Lease, the City is to pay the utilities. Pursuant to Section 7.3 of the Lease, the City is prohibited from committing waste or causing a nuisance.

[¶11.]  The rejection of the Lease provides no benefit to the Estate, and in fact,  rejection of the Lease could be detrimental to the Estate. Mayor Ried Holien provided compelling testimony as to how the Estate would benefit from the Lease not being rejected.. The city park adjoining the building attracts people to downtown Watertown. With more people being in the vicinity of the building, with its mixed family housing, the Estate and a potential buyer benefit from the people enjoying the city park.

[¶12.]  The Trustee did not prove that there is a benefit to the Estate in the rejection of the Lease. Rejection is not in the best interest of the Estate. The Motion should be denied.

### B.  Rejection of the Lease is manifestly unreasonable.

[¶13.]  Because of the particular facts of this case, rejection of the Lease by the Trustee is manifestly unreasonable. The testimony of Mayor Holien was especially compelling. He testified that the City spent approximately three million dollars on the city park project, which is part of a

larger downtown restoration that includes "The Ruins". Mayor Holien testified as to the many benefits to the City from this downtown restoration project. Mayor Holien testified as to the importance of the restroom facilities as part of the project.

[¶14.] The leased premises are a total of 1,200 square feet. The testimony of Brandi Hanten was that the building has approximately 140,000 total square feet. The leased premises is such a minimal portion of the building that it is manifestly unreasonable for the Lease to be rejected.

[¶15.] The Lease is of such benefit to the City that rejection is manifestly unreasonable. Pursuant to Section 1.11 of the Lease, the City pays rent of $1.00 per year. The Lease could be extended until June 30, 2121, which provides the City with tremendous stability.

[¶16.] Mayor Holien testified to the long term benefits to the City and to the Estate. People would be encouraged to move to Watertown because of an attraction like the city park adjoining the building.

[¶17.] The City suffers a great detriment if the Lease is rejected. If there is any inconsequential benefit to the Estate from the rejection of the Lease, that benefit is greatly outweighed by the detriment to the City. Rejection of the Lease is manifestly unreasonable when considering the particular facts in this somewhat unique case

## IV. CONCLUSION

[¶18.] While the Trustee has broad discretion in rejecting a lease, his discretion is not unlimited. The Trustee must prove that rejection of the Lease is in the best interest of the Estate, and the Trustee failed to meet his burden of proof. The Lease should not be rejected when it is manifestly unreasonable, and in the particular facts of this case, rejection of the Lease would be manifestly unreasonable. The Motion of the Trustee should be denied.

Respectfully submitted this 20th day of April, 2026.

 

                        **BORMANN, MYERCHIN,
ESPESETH & EDISON, LLP**
Attorneys for the City of Watertown
418 East Broadway Ave., Suite 240
P.O. Box 995
Bismarck, ND 58502-0995
701-250-8968
Fax: 701-250-8982
respeseth@bmellp.com

 

                        _____
                        Ross H. Espeseth (#03880)