**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy No. 25-30004 |
| | ) | |
| The Ruins, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER**

Chapter 7 Bankruptcy Trustee Erik Ahlgren filed a Motion for Rejection of Leases and Contracts, seeking authority to reject Debtor's lease with the City of Watertown, South Dakota, dated December 22, 2021, for a portion of the premises located at 315 E. Kemp Avenue, Watertown, South Dakota.  Doc. 272.  The City of Watertown objected to the motion, claiming the assumption of the lease would enhance the prospective sale of the partially-completed mixed-use apartment complex at the same address.  See Docs. 278, 284.  The Court held a hearing on the motion on April 6, 2026.

I.      BACKGROUND

The bankruptcy estate owns, and the Trustee seeks to sell, a mixed-use residential commercial building.  According to the lease between the City of Watertown and Debtor, 1,200 square feet on the first floor of Debtor's building is leased to the City of Watertown.  Section 1.7.  The term of the lease is 237 months and, "unless Tenant is in default of this Lease or Tenant voluntarily non-renews, shall automatically renew for four (4) additional identical terms, ultimately ending on June 30, 2131."  Section 1.9. The base rent under the lease is $1.00 per year.  Section 1.11.  Under the lease, the 1,200 square foot space shall be used as a "[p]ublic gathering space and restroom

1

facilities shall be used as an amenity to the adjacent downtown public park." Section 1.8.

According to Article 8 of the lease, the "Landlord agrees, at its cost and expense to construct a building containing the Premises for Tenant's use and occupancy in accordance with the drawings and specifications prepared by Landlord or its architect. Landlord's work shall be limited to that work described as Landlord's Work on Exhibit 1." Section 8.1.  Exhibit 1 titled "Landlord's Work," provides that "Interior improvements for which landlord is responsible include epoxy floor cover, electric baseboard heat, base, trim, doors, toilets, urinals, sinks, interior partition walls, painting, wall cover, casework, miscellaneous ductwork for all areas, and electrical work from the electric service panels."  In more generalized terms, Debtor is obligated to complete construction of bathrooms and a warming area.  At this time, the construction of this project is incomplete.  The parties agree that this project will be "expensive" to complete.

Additionally, "Landlord shall, within a reasonable period after receipt of written notice from Tenant, make or cause to be made necessary structural repairs to the exterior foundations and exterior walls of the Premises (but excluding the exterior of, and the frames surrounding all windows, doors, plate glass, and signs) and shall keep or cause to be kept in good order, condition and repair the exterior walls, foundations and roofs of the buildings constituting the Facility, except for reasonable wear and tear." Section 11.1.

Under the lease, the City of Watertown must pay for utilities and maintain the leased space.  Sections 6.1, 6.2.  Under Section 7.3, the City is prohibited from committing waste or causing a nuisance.

2

II.     ANALYSIS

In his Evidentiary Hearing Brief [Doc. 298] and during the hearing, the Trustee argued that his decision to reject the lease is governed by the business judgment standard.  The Court agrees.  See Mission Prod. Holdings, Inc. v. Tempnology, LLC, 587 U.S. 370, 374 (2019); Crystalin, L.L.C. v. Selma Properties, Inc. (In re Crystalin, L.L.C.), 293 B.R. 455, 463–64 (B.A.P. 8th Cir. 2003).  The business judgment test is not onerous.  In re Crystalin, L.L.C., 293 B.R. at 463–64.  The Trustee carries the burden of showing the transaction is an exercise of sound business judgment in the best interest of the bankruptcy estate.  See id. at 464.  "Where the trustee's request is not manifestly unreasonable or made in bad faith, the court should normally grant approval '[a]s long as [the proposed action] appears to enhance [the] debtor's estate.'" Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 107 F.3d 558, 567 n. 16 (8th Cir. 1997) (quoting Richmond Leasing Co. v. Cap. Bank, N.A., 762 F.2d 1303, 1309 (5th Cir. 1985)).

At the hearing, the Trustee offered the testimony of Jonathan Cuticelli, Director of Real Estate Asset Sales at Hilco Global, who has been a licensed auctioneer and broker for 17 years.  His work includes selling mixed-use property like the residential and commercial complex the Trustee seeks to sell.  Cuticelli testified that the Lease impedes value and will not enhance the prospective sale of the building.  Rather, it is likely to be a detriment to the sale of the building.  Cuticelli opined that the lease may limit future use and redevelopment options and that the publicly open nature of the leased space may invite vagrants or "troubled situations."  The most compelling reason Cuticelli offered in support of the Trustee's decision to reject the lease is expense.

Cuticelli testified—and the City of Watertown Mayor agreed—that completing construction on the bathrooms and warming house will be expensive.  The Trustee maintains that rejecting the lease and saving potential buyers the expense of construction is in the best interest of the bankruptcy estate and an exercise of sound business judgment.

The City of Watertown maintains that the lease enhances the value of the property. It highlighted the importance of good working relationships with the City, the close proximity of The Ruins apartment complex and commercial space to a newly-developed park that potential tenants of the building will use, and the enhanced value newly-constructed restrooms and a warming house would add to the property as a whole.

In support of its arguments, the City of Watertown offered the testimony of Mayor Ried Holien.  Mayor Holien explained the history of recent City developments, including the construction of other multi-use buildings in which Jesse Craig holds an ownership interest.  Craig, who holds an ownership interest in The Ruins, negotiated the lease between Debtor and the City of Watertown.  It appears that the lease and the construction of the park were part of a larger effort to revitalize several parts of the City. The City of Watertown invested a great deal of funds in improving the City through these various developments.  As an example, the City of Watertown spent roughly $3 million on construction and equipment to develop the two-acre park adjacent to The Ruins.  The park is used by City residents of all ages.  No doubt, completion of the restrooms and warming house will benefit those who use the park.

While it is apparent that the City of Watertown's improvements to the park will

4

benefit future tenants of The Ruins and completion of the restrooms and warming house will benefit the City and its residents, these benefits do not necessarily translate to benefit to the bankruptcy estate.  The Trustee's decision to reject the lease immediately relieves the bankruptcy estate of the administrative and financial burden of completing the improvements to the bathrooms and warming house and performing other obligations under the lease.  Additionally, the Trustee will minimize expenses and maximize financial offers for the mixed-use residential and commercial building at the pending sale if he rejects the lease.  The Trustee offered evidence that he will save potential buyers the cost of completing construction on the bathrooms and warming space, which Mayor Holien conceded could be as high as $100,000.  If the buyer sees the value in a productive working relationship with the City and realizes the value of the other benefits of the lease, Mayor Holien acknowledged that the City would agree to enter the same lease with the future buyer.  Consequently, rejecting the lease will allow the buyer to decide whether the lease is beneficial.

The City of Watertown argues that the Trustee's decision to reject the lease is "manifestly unreasonable" because of the detriment to the City and because the City may retain its rights under the lease, including the right of use and possession "for the balance of the term of the lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law."  See 11 U.S.C. § 365(h)(1)(A)(ii).

The City's section 365 argument is premature.[1]  Under section 365(h)(1)(A), the

---

[1] A lessee's right to treat the lease as terminated or to retain its rights under the lease typically arise after a sale or in the context of a motion to sell.  See e.g.,Dishi & Sons v. Bay Condos LLC, 510 B.R. 696 (S.D.N.Y. 2014); Precision Indus., Inc. v. Qualitech Steel SBQ, LLC (In re Qualitech Steel Corp.), 327 F.3d 537 (7th Cir. 2003).

5

lessee's rights to treat the lease as terminated or to retain its rights under the lease do not arise until after the Trustee rejects the lease.  The City offered no evidence regarding which option it would choose and cited no authority demonstrating that an election to retain its rights under the lease is enforceable under applicable nonbankruptcy law.  Further, the City gave no notice and offered no evidence regarding how its election would affect the Trustee's pending mixed-use residential and commercial building sale.  In fact, the City did not raise its right to make this election— and it is apparent that neither the Trustee nor the Court anticipated this election—until after the parties offered the evidence and the Court closed the record.   As accurately highlighted by the Trustee, the City's right to make a section 365(h)(1)(A) election does not restrict his right to reject the lease or alter the business judgment standard.  Without evidence, the City's choice to retain its rights under the lease after the Trustee's rejects the lease does not show or tend to prove the Trustee's decision to reject is manifestly unreasonable or made in bad faith.

Likewise, the Court is not convinced that detriment to the City of Watertown and the proportionately small space leased show that the Trustee's decision to reject the lease is manifestly unreasonable.  The lease provides no material benefit to the bankruptcy estate, but it imposes the burden of completing construction of the improvements among other obligations. The lease is not necessary to sell the mixed-use residential and commercial building, but rejecting the lease frees potential buyers from the burdens of the lease while offering the option of entering a similar lease with the City.  Detriment to the City of Watertown does not outweigh the burden on the bankruptcy estate in the context of this motion.  The Trustee's decision to reject the

6

least is an exercise in sound business judgment that benefits the bankruptcy estate.

The City of Watertown's objections are overruled.

Accordingly, IT IS ORDERED that the Motion for Rejection of Leases and

Contracts [Doc. 272] is granted.  The telephonic hearing scheduled for April 23, 2026, is

cancelled.

Dated: April 22, 2026.

Shon Hastings, Judge
United States Bankruptcy Court