# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,

Debtor.

Case No.: 25-30004

Chapter 7

## NOTICE OF MOTION AND MOTION FOR SALE OF REAL ESTATE, FREE OF LIENS AND ENCUMBRANCES, PURSUANT TO 11 U.S.C. 363(f) AND DISTRIBUTION OF PROCEEDS FROM THE SALE

TO:   Debtor and other entities specified in Fed. R. Bankr. P. 2002(a)(2).

Erik A. Ahlgren (the "Trustee") seeks and order authorizing the sale of certain real estate free and clear of encumbrances pursuant to 11 U.S.C. 363(f) and distribution of the proceeds from such sale.

### NOTICE OF MOTION

**NOTICE OF MOTION:**  Your rights may be affected in the action.  You should read the papers carefully and discuss the matters with your attorney if you have one.  If you want the court to consider your views you should mail a written response to the action, within 21 days of the date of mailing of this document, and file the response with the Clerk of Bankruptcy Court and a copy served upon the U.S. Trustee and Bankruptcy Trustee.

| Clerk, U.S. Bankruptcy Court | United States Trustee | Trustee |
|---|---|---|
| Quentin N Burdick U.S. Courthouse | 314 S Main Ave. | (See address below) |
| 655 First Ave N – Ste 210 | Suite 303 | |
| Fargo ND  58107-4932 | Sioux Falls SD  57104-6462 | |

## MOTION

1.      This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.   This motion arises under 11 U.S.C. §363 and Bankruptcy Rule 6004.  This proceeding is a core proceeding.  The case is now pending in this court.

2.      On January 6, 2025, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in this Court.

3.      On December 31, 2025, upon a motion of creditor Red River State Bank, the Court entered an order converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code [Doc. No. 252] (the "Conversion Order"). Pursuant to the Conversion Order, conversion became effective December 31, 2025.

4.      The Trustee was appointed Chapter 7 trustee on January 6, 2026.

5.      The Debtor's bankruptcy estate is the owner of certain real property located at 315 E Kemp Avenue Watertown, South Dakota 57201 and legally described as follows: "The Ruins Addition to the City of Watertown, Codington County, South Dakota." (the "Real Property")

6.      On March 2, 2026, the Trustee filed a Motion to Approve Bid Procedures [Doc. No. 278] (the "Bid Procedures Motion"), seeking approval of the managed bid process outlined in Exhibit A to such motion (the "Bid Procedures") and approval of the form of purchase agreement attached as Exhibit B to such motion (the "APA").

7.      Mr. Jesse Craig filed an objection to the Bid Procedures Motion on March 16, 2026 [Doc. No. 288]. In such objection, Mr. Craig objected, among other things, to the timeline in the Bid Procedures and certain terms of the APA.

8.      On March 31, 2026, Mr. Craig and the Trustee entered into a stipulation that fully resolved Mr. Craig's objections to the Bid Procedures and APA [Doc. No. 295] (the "Bid Procedures Stipulation"), and his objection to the Bid Procedures Motion was subsequently withdrawn.

9.      On April 1, 2026, the Court entered an order approving the Bid Procedures Motion, as modified by the Bid Procedures Stipulation [Doc. No. 296] (the "Bid Procedures Order").

10.     In accordance with the Bid Procedures, the Trustee now seeks an order authorizing him to sell the Real Property to Build, LLC ("Build") for a sum of $11,265,000.00.  A copy of the purchase agreement with Build will be filed with the court (the "Build Purchase Agreement").

11.     If Build fails to close the sale of the Real Property by the Closing Date (as defined in the Build Purchase Agreement), or otherwise defaults under the Build Purchase Agreement, the Trustee seeks an order authorizing him to sell the Real Property, as soon as practicable, to Archer Land Co., LLC ("Archer") for a sum of $6,100,000.00. A copy of the purchase agreement with Archer setting forth the terms of the sale to Archer as a back-up buyer (the "Archer Purchase Agreement") will be filed with the court.

12.     The Trustee believes in good faith that all parties have complied with the Bid Procedures, and both the Build and Archer Purchase Agreements are substantially similar to the form of APA previously approved by this Court.

13. Any interested party that does not have access to the court's electronic filings may obtain a copy of the Build Purchase Agreement or the Archer Purchase Agreement by contacting Lisa Ahlgren at 218-998-2775.

14. The Real Property is subject to the following liens and encumbrances of record:

a. Mortgage dated March 16, 2021, executed by Craig Holdings, LLC, to Watertown Development Company of Watertown, South Dakota for the principal sum of $2,275,000.00 and interest thereon, if any, filed on March 17, 2021 and recorded in Book 990, page 6316 (the "First WDC Mortgage").

Subject to: Subordination Agreement dated March 7, 2022, executed by and between Watertown Development Company and Red River State Bank, filed on March 10, 2022 and recorded in Book 990 of Mortgages on page 8556; and

Subordination Agreement dated August 22, 2022, executed by and between Watertown Development Company and Red River State Bank, filed on August 26, 2022 and recorded in Book 990 of Mortgages on page 9353.

b. Mortgage dated November 1, 2021, executed by Craig Holdings LLC, to Watertown Development Company of Watertown, South Dakota for the principal sum of $2,275,000.00 and interest thereon, if any, filed on November 4, 2021 and recorded in Book 990, page 7854 (the "Second WDC Mortgage") (the First WDC Mortgage and the Second WDC Mortgage are collectively referred to herein as the "WDC Mortgages").

Subject to: Subordination Agreement dated March 7, 2022, executed by and between Watertown Development Company and Red River State Bank, filed on March 10, 2022 and recorded in Book 990 of Mortgages on page 8556; and

Subordination Agreement dated August 22, 2022, executed by and between Watertown Development Company and Red River State Bank, filed on August 26, 2022 and recorded in Book 990 of Mortgages on page 9353.

c.      Mortgage with Future Advance Clause dated August 1, 2022, executed by The Ruins, LLC, a South Dakota limited liability corporation, to Red River State Bank for the principal sum of $2,750,000.00 and interest, filed on August 4, 2022 and recorded in Book 990 of Mortgages on page 9258 (the "First RRSB Mortgage").

d.      Mortgage with Future Advance Clause dated March 9, 2022, executed by The Ruins, LLC, a South Dakota limited liability corporation, to Red River State Bank for the principal sum of $7,740,000.00 and interest, filed on March 10, 2022 and recorded in Book 990 of Mortgages on page 8555 (the "Second RRSB Mortgage")(the First RRSB Mortgage and the Second RRSB Mortgage are collectively referred to herein as the "RRSB Mortgages".

e.      Mechanic's Lien claim by Xtreme Fire Protection, LLC in the sum of $32,926.36 and interest, if any, filed on February 6, 2023, File No: 202300326, Book 2023 on Page 52.

f.      Mechanic's Lien claim by B&W Construction LLC in the sum of $575,722.27 and interest, if any, filed on February 7, 2023, File No: 202300339, Book 2023 on Page 53.

g.      Mechanic's Lien claim by Watertight, Inc. in the sum of $247,176.70 and interest, if any, filed on February 24, 2023, File No: 202300499, Book 2023 on Page 68.

h.      Mechanic's Lien claim by Perfekt, Inc. in the sum of $286,700.00 and interest, if any, filed on June 23, 2023, File No: 202301940, Book 2023 on Page 188.

i.      Mechanic's Lien claim by Performance Spray Foam, LLC in the sum of $151,058.40 and interest, if any, filed on July 19, 2023, File No: 202302299, Book 2023 on Page 224.

j.      Mechanic's Lien claim by D & M Industries Inc. in the sum of $258,473.27 and interest, if any, filed on August 18, 2023, File No: 202302685, Book 2023 on Page 277.

k.      Mechanic's Lien claim by Top Finish Carpentry, LLC in the sum of $162,900.00 and interest, if any, filed on September 1, 2023, File No: 202302839, Book 2023 on Page 277.

l.      Mechanic's Lien claim by Brian's Glass & Door LLC in the sum of $17,720.00 and interest, if any, filed on February 22, 2024, File No: 202400558, Book 2024 on Page 93.

m.     Mechanic's Lien claim by Lakeside Construction and Masonry in the sum of $141,954.97 and interest, if any, filed on March 21, 2024, File No: 202400816, Book 2024 on Page 123.

n.     Mechanic's Lien claim by The Roofing Company, LLC in the sum of $128,680.73 and interest, if any, filed on April 19, 2024, File No: 202401152, Book 2024 on Page 151.

o.     Amendment of Lis Pendens executed by Diamond Wall Systems, Inc., Plaintiff(s), v. Craig Properties, LLC, a North Dakota limited liability company, Craig Development, LLC, a North Dakota limited liability company, The Ruins, LLC, a South Dakota limited liability company, Craig Holdings, LLC a North Dakota limited liability company, Watertown Development Company, a South Dakota nonprofit corporation. Red River State Bank, a Minnesota, Xtreme Fire Protection, LLC, a South Dakota limited liability company, B & W Construction, LLC, a South Dakota limited liability company, Watertight, Inc., Hamlin Building Center, Inc., a South Dakota corporation, Performance Spray Foam, LLC, a South Dakota limited liability company, XYZ Corporation; ABS Partnership, Defendant(s), dated September 21, 2023, filed September 21, 2023 and recorded in Book 4 of Lis Pendens on page 10.

p.     Lis Pendens executed by Red River State Bank, Plaintiff(s), v. The Ruins, LLC; Watertown Development Company; Watertight, Inc; Hamlin Building Center, Inc.; Xtreme Fire Protection, LLC; Performance Spray Form, LLC; B&W Construction, LLC; Diamond Wall Systems Inc.; D & M Industries, Inc.; Top Finish Carpentry, LLC; Craig Development, LLC; Craig Holdings, LLC; Craig Properties, LLC; Jesse Craig; and Codington County, South Dakota, Defendant(s), dated February 28, 2024, filed March 4, 2024 and recorded in Book 4U of Lis Pendens on page 182.

15.     To the Trustee's knowledge, after a thorough and diligent search, no liens or encumbrances other than those described above and the following delinquent real estate taxes exist against the Property:

a.     The 2023 Real Estate Taxes due and payable in 2024 in the amount $32,578.44 are delinquent and have additional interest due.

b.     The 2024 Real Estate Taxes due and payable in 2025 in the amount $57,060.60 are delinquent and have additional interest due.

c.      The 2025 Real Estate Taxes due and payable in 2026 in the amount $67,996.25. The 1st half is due April 30, 2026 in the amount of $36,645.62. The 2nd half is due October 31, 2026 in the amount of $31,350.63.

d.      Assessments payable at the Office of Finance, City of Watertown, in the amount of $37,454.90 plus interest, if any for Sidewalk, Curb & Gutter, and Asphalt Surfacing Improvements.

16.     Pursuant to 11 U.S.C. 363(f)(2), a trustee may sell property free and clear of liens and encumbrances where (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

17.     With respect to the RRSB Mortgages, the Trustee and RRSB entered into a settlement agreement [Doc. 265] (the "Settlement Agreement") whereby the parties agreed that the Trustee is authorized to sell the Property and upon closing, apply the proceeds in the following order of priorities: (a) Unpaid real estate taxes or assessments, and any other liens with priority over the RRSB Mortgage; (b) Customary filing fees and closing costs, as agreed upon by buyer of the Real Property;  (c) 5.0% of the gross sales price to be retained by the Trustee on behalf of the Debtor's bankruptcy estate, as a stipulated surcharge pursuant to Section 502(c); (d) Brokerage fees as approved by the Bankruptcy Court; (e) the remaining proceeds after (a) - (d), to RRSB to pay the full debt secured by the RRSB Mortgage up to the mortgage cap of $10,490,000.00 plus interest, as required by the Subordination Agreements (the "Mortgage Cap"); (f) the remaining

proceeds in excess of the Mortgage Cap, if any, after payment of items (a) – (e), to the WDC to pay the full debt secured by the WDC Mortgages; and (g) the remaining proceeds, if any, after payment of items (a) – (f), to the bankruptcy estate for distribution pursuant to the priorities set for in the Bankruptcy Code and as approved by the Court. The Settlement Agreement was approved by order of this Court on March 13, 2026 [Doc. 286].

18.     Based on the foregoing, the Trustee moves the Court for authority to sell the Real Property for a total purchase price of $11,265,000.00 to Build pursuant to the terms of the Build Purchase Agreement, and in the event Build fails to close the sale of the Real Property by the Closing Date (as defined in the Build Purchase Agreement), or otherwise defaults under the Build Purchase Agreement, the Trustee moves the Court for authority to sell the Real Property, as soon as practicable, for a total purchase price of $6,100,000.00 to Archer pursuant to the terms of the Archer Purchase Agreement and, in either case, to distribute the sale proceeds as follows:

a.     First, to unpaid real estate taxes or assessments, and any other liens with priority over the RRSB Mortgage;

b.     Second, to customary filing fees and closing costs, as agreed upon by the Trustee;

c.     Third, 5.0% of the gross sales price paid to the Trustee on behalf of the Debtor's bankruptcy estate, as a stipulated surcharge pursuant to Section 502(c);

d.     Fourth, for brokerage fees as approved by this Court;

e.      Fifth, the remaining proceeds after (a) - (d), to RRSB to pay the debt secured by the RRSB Mortgages up to the Mortgage Cap;

f.      Sixth, the remaining proceeds in excess of the Mortgage Cap, if any, after payment of items (a) – (e), to the WDC to pay the debt secured by the WDC Mortgages; and

g.      Seventh, the remaining proceeds, if any, after payment of items (a) – (f),to the bankruptcy estate for distribution pursuant to the priorities set for in the Bankruptcy Code and as approved by the Court.

19.     The Trustee believes that any tax consequence of this transaction shall be smaller than the net recovery that will be received by the bankruptcy estate.

20.     Build has deposited earnest money of $1,126,500.00, which is equal to ten percent (10%) of the sale price. Archer has also deposited earnest money of $200,000 which will be retained until the sale of the Property closes.

21.     If any earnest money is forfeited as liquidated damages pursuant to the terms of either of the Build Purchase Agreement or the Archer Purchase Agreement and such monies become property of the Debtor's bankruptcy estate (the "Forfeited Earnest Money"), a portion of the Forfeited Earnest Money shall be paid to secured creditors to reimburse administrative expenses incurred and paid by such secured creditors from and after April 1, 2026, along with interest of 12% per annum calculated from the date such expenses are advanced by the secured creditor.

22.     To successfully implement the sale, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

WHEREFORE, the Trustee respectfully requests entry of an order  (i) authorizing the sale of the Real Property to Build for $11,265,000.00 pursuant to the terms of the Build Purchase Agreement, and, (ii) in the alternative, if Build defaults under the terms of the Build Purchase Agreement or is otherwise unable to timely close on the sale of the Real Property, authorizing the sale of the Real Property to Archer for $6,100,000.00 pursuant to the terms of the Archer Purchase Agreement, (iii) authorizing the distribution of sales proceeds in accordance with the priorities set forth in paragraph 11 hereof,  (iv) authorizing the Trustee to reimburse administrative expenses incurred and paid by RRSB from and after January 1, 2026, along with interest of 12% per annum calculated from the date such expenses are advanced by the secured creditor, (v) waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and (vi) granting such other and further relief as this Court deems just and proper.

Ahlgren Law Office, PLLC

Dated: May 5, 2026

/e/Erik A. Ahlgren
Attorney #09561 (ND)
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlawoffice.net

ATTORNEY FOR TRUSTEE

**Verification**.

I, Erik A. Ahlgren, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: May 5, 2026                              Signed: /e/ Erik A. Ahlgren