UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>The Ruins, LLC,<br><br>        Debtor. | Bankruptcy Case No.:  25-30004<br><br>Chapter 7 |

**INTERESTED PARTY JESSE CRAIG AND MINDY CRAIG'S OBJECTION TO TRUSTEE'S MOTION TO AUTHORIZE RULE 2004 EXAMINATIONS (DOC. 330)**

Interested party Jesse Craig and Mindy Craig object to the Trustee's Motion to Authorize Rule 2004 Examination (Doc. 330) (the "Rule 2004 Motion").  The information sought by the Trustee is outside of the scope of what a Trustee may seek under Federal Rule of Bankruptcy Procedure 2004, and the Rule 2004 Motion should be denied.

Under the Rule 2004 Motion, the Trustee seeks the Court's permission to conduct a Rule 2004 examination of Meadowlark Capital, LLC, Border Bank, First Western Bank & Trust, Town & Country Credit Union, and Cornerstone Bank.  The purported reason for the Rule 2004 examinations is as follows:

> The Trustee intends to obtain information and documentation from the above-named entities regarding any personal financial statements for Jesse and Mindy Craig as well as the balance sheet of any entities for which Jesse or Mindy Craig is acting as a guarantor.

The scope of this request is unrelated to the Debtor The Ruins, LLC ("The Ruins") and is beyond the scope of what a trustee may seek in a Rule 2004 examination.  Federal Rule of Bankruptcy Procedure 2004 allows an examination related to the following:

(A) the debtor's acts, conduct, or property;

(B) the debtor's liabilities and financial condition;

(C) any matter that may affect the administration of the debtor's estate; or

(D) the debtor's right to a discharge.

The Trustee's stated reason for conducting the Rule 2004 examination is not directed at the Debtor's acts, conduct, or property; the Debtor's liabilities and financial condition; or the Debtor's right to a discharge.  Accordingly, the Trustee must show that he is seeking matters that may affect the administration of the Debtor's estate.

The primary purpose of a Rule 2004 examination is to permit the trustee to ascertain the extent and location of the estate's assets and may extend to creditors and third parties who have had dealings with the debtor.   In re Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). "Examination of a witness as to matters having no relationship to the bankrupt's affairs or the administration of [its] estate, however, is improper."  In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984) (citing 12 Collier on Bankruptcy para. 205.15 (14th ed. 1978)). "[E]xamination may be had only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy." In Re GHR Energy Corp., 35 B.R. 534, 537 (Bankr. D. Mass. 1983) (emphasis added).  "It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs."  Wilcher, 56 B.R. at 434.

In this case, Meadowlark Capital, LLC, Border Bank, First Western Bank & Trust, Town & Country Credit Union, and Cornerstone Bank are not creditors.  There is no evidence in the record, and the Trustee has not shown any evidence, that these entities have had any dealings with The Ruins or possess knowledge of the acts, conduct, or financial affairs of The Ruins.  In fact, the Trustee's stated purpose for the Rule 2004 exam is to obtain information relating to "any personal financial statements for Jesse and Mindy Craig as well as the balance sheet of any entities for which Jesse or Mindy Craig is acting as a guarantor."  Therefore, the information the Trustee

is looking for is not even related to The Ruins.  Rather, he is seeking personal financial information

of Jesse Craig, Mindy Craig, or other entities for which they acted as a guarantor.  The Trustee has

not made any attempt to show how this information is related to The Ruins, that the proposed

examination witnesses had any dealings with The Ruins, or how this information will assist the

Trustee in ascertaining the assets of The Ruins.  The Trustee's Rule 2004 Motion is wholly beyond

the scope of what may be sought under Rule 2004.  For these reasons, the Court should deny the

Rule 2004 Motion.

Dated this 20th day of May, 2026.

 /s/ Douglas W. Murch
Douglas W. Murch, ND ID #05983
CONMY FESTE LTD.
3369 45th Street South
Fargo, ND  58104
(701) 293-9911
dmurch@conmylaw.com

ATTORNEY FOR JESSE CRAIG AND
MINDY CRAIG

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>The Ruins, LLC,<br><br>       Debtor. | Bankruptcy Case No.:  25-30004<br><br>Chapter 7 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee at the law firm of Conmy Feste Ltd., and is a person of such age and discretion as to be competent to serve papers.

That on May 20, 2026, she served a copy of:

**INTERESTED PARTY JESSE CRAIG AND MINDY CRAIG'S OBJECTION TO TRUSTEE'S MOTION TO AUTHORIZE RULE 2004 EXAMINATIONS (DOC. 330)**

electronically by Notice of Electronic Filing upon all parties who have requested service in this case by filing the same via ECF with the Bankruptcy Court in the District of North Dakota.

/s/ *Leslyn A. Anderson*
Leslyn A. Anderson