## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,

Case No.: 25-30004

Chapter 7

Debtor.

## TRUSTEE'S REPLY IN SUPPORT OF MOTION TO
## AUTHORIZE RULE 2004 EXAMINATIONS

Trustee Erik A. Ahlgren ("Trustee") submits this this reply in support of his

Motion to Authorize Rule 2004 Examinations and requests entry of an order authorizing

examinations and related document production from Meadowlark Capital, LLC; Border

Bank; First Western Bank & Trust; Town & Country Credit Union; and Cornerstone

Bank, including production of personal financial statements of Jesse and Mindy Craig

and balance sheets of entities for which either is a guarantor, and permitting the

examinations by remote means.

### BACKGROUND

The Trustee moved for authorization to conduct Rule 2004 examinations of

Meadowlark Capital, LLC; Border Bank; First Western Bank & Trust; Town & Country

Credit Union; and Cornerstone Bank. [Doc. 330]. The motion states the Trustee intends

to obtain personal financial statements for Jesse and Mindy Craig (the "Craigs") and

balance sheets of entities for which either is a guarantor. The Craigs object, asserting the

requests are unrelated to the Debtor and exceed Rule 2004's scope, and that the

identified institutions are not creditors and have not been shown to have dealings with

The Ruins, LLC. [Doc. 334].

**LEGAL STANDARD**

The trustee has a statutory duty under 11 U.S.C. § 704(a)(4) to "investigate the

financial affairs of the debtor". Rule 2004 exams are intended to facilitate the broad

scope of the trustee's duty to investigate the debtor's financial affairs. Moreover,

Bankruptcy Rule 2004(a) specifically allows the court to "order the examination of any

entity". Thus, this investigative authority extends to examining not only the debtor but

also other entities that may have relevant information about the debtor's acts, conduct,

or property.

Courts have uniformly acknowledged that the scope of a Rule 2004 examination

is broader than the scope of discovery under Rule 26 of the Federal Rules of Civil

Procedure. In fact, courts have acknowledged that the scope of a Rule 2004 examination

may be "in the nature of a fishing expedition". *In re Hentz*, 2012 WL 2263121 (Bankr.

D.N.D. June 18, 2012)(citing *In re Apex Oil Co.*, 101 B.R. 92, 102 (Bankr. E.D. Mo. 1989)).

**ARGUMENT**

I. **The requested examinations fall squarely within Rule 2004's broad
investigatory scope.**

The Trustee seeks personal financial statements and balance sheets from the

listed financial institutions to aid discovery into the Debtor's financial affairs and

administration of the estate. The Craigs' objection focuses on whether these third parties

are creditors or have direct dealings with the Debtor. That is not the standard.

Bankruptcy Rule 2004 specifically allows the examination of any entity that may have information regarding the debtor's assets, financial affairs, or estate administration. The identified institutions maintain personal financial statements and guaranty-related financial packages for Jesse and Mindy Craig and their entities, which are probative of insider relationships, transfers, and the flow of funds affecting this estate.

**II.    The Craigs' own admissions establish that Debtor transactions ran through Craig Development, necessitating bank and financial statement discovery.**

The Trustee seeks personal financial statements of Jesse and Mindy Craig and balance sheets of entities for which they are guarantors from Meadowlark Capital, LLC; Border Bank; First Western Bank & Trust; Town & Country Credit Union; and Cornerstone Bank. These materials will identify entities owned or controlled by the Craigs, insider relationships, and cross-collateral/guaranty structures, enabling the Trustee to trace transfers and evaluate potential avoidance claims. The Craigs contend the requests are unrelated to The Ruins and launch an impermissible investigation into non-debtors' affairs. That argument fails where, as here, the Trustee is investigating whether Debtor funds moved through related Craig entities—subjects directly bearing on the estate's assets and potential claims. As held in *Hentz* the trustee may examine third parties (including a bank) concerning inter-company and family transactions where those matters may reveal estate assets or claims, and that Rule 2004's breadth accommodates exploratory inquiry.

**III.    The Trustee has good cause: debtor records are lacking, and the Craigs
have stated Ruins transactions ran through Craig Development.**

The motion explains that the Trustee's purpose is discovery, with inquiry as
broad as allowed by Rule 2004, and seeks document production with the examinations.
Given the absence of reliable debtor-level records and the Craigs' own statements that
transactions "ran through Craig Development," targeted third-party bank files are the
most efficient and reliable means to trace funds, identify insiders, and evaluate
transfers. When asked to produce records that show the flow of loan proceeds for the
Ruins project, Mindy Craig replied "there isn't a tracking for loan proceeds (deposits or
account transfers)." *Exhibit A* (March 5, 2026 email thread). Further, in a follow up
request for such records, Jesse Craig responded via email that "And, to reiterate, "The
Ruins" does not have transactions entered, all ran through Craig Development." *Id.*
(April 14, 2026 email thread). The Craigs argue there is "no evidence" the named
institutions dealt with The Ruins or possess relevant knowledge. But Rule 2004 does not
require the Trustee to prove dealings with the Debtor before obtaining examinations; it
suffices that the institutions may hold information about the debtor's financial affairs
and administration of the estate—here, via the Craigs' personal financial statements and
guaranty packages that disclose affiliated entities, assets, liabilities, and banking
relationships that bear on tracing and avoidance analysis.

**IV.    The examinations and document requests are tailored and proportional
to the Trustee's statutory duties.**

The motion targets a defined set of institutions and specified categories: personal
financial statements of Jesse and Mindy Craig and balance sheets for entities for which

either is a guarantor. This tailoring avoids undue burden while supplying the core

official bank-sourced disclosures trustees routinely use to confirm insider networks and

follow the money. Bankruptcy Rule 2004's broad scope recognizes the trustee's need to

pursue additional investigation notwithstanding objections where doing so facilitates a

thorough inquiry into the debtor's assets and liabilities, including via subpoenas to

banks and examinations of third parties.

<b>Response to Specific Objections</b>

**A.      "Requests are unrelated to the Debtor."**

The Craigs assert the Trustee's stated purpose is "not directed at the Debtor's

acts, conduct, or property; the Debtor's liabilities and financial condition; or the

Debtor's right to a discharge," and that the Trustee "must show" the matters affect

administration of the estate. The Trustee is not required to show that the matter will

affect the administration of the estate. The Trustee is only required to show that the

examination may lead to information that is beneficial to the estate. And, obtaining the

Craigs' bank-held financial statements and guaranty balance sheets to map insider

entities and transactions that may include or obscure property of the estate and

avoidance claims are core "administration of the estate" subjects under Rule 2004's

broad standard.

**B.      "No showing the institutions have dealings with The Ruins."**

The objection argues there is "no evidence" the institutions had dealings with

The Ruins or possess knowledge of its affairs. Again, Rule 2004 permits examination of

third parties who <u>may</u> have information concerning the debtor's assets, financial affairs,

or administration; direct dealings are not a prerequisite where the trustee shows a reasonable nexus to relevant information, as with banks maintaining the Craigs' personal financial statements and guaranty files that identify affiliated entities, collateral, and cash flows.

C.       **"Improper investigation into non-debtors' private affairs."**

The Craigs contend the motion launches an impermissible "wholesale investigation" of non-debtors' private business affairs. The Trustee's requests are confined to bank records that disclose the Craigs' financial posture and affiliated entities for which they served as guarantors—materials directly relevant to tracing transfers and evaluating potential avoidance claims and estate recoveries. Bankruptcy Rule 2004 authority endorses such third-party examinations where they may reveal estate assets or claims notwithstanding objections

### CONCLUSION

For the foregoing reasons, the Court should overrule the Craigs' objection and grant the Trustee's motion in full, authorizing Rule 2004 examinations of Meadowlark Capital, LLC; Border Bank; First Western Bank & Trust; Town & Country Credit Union; and Cornerstone Bank, including production of (a) personal financial statements of Jesse and Mindy Craig submitted to those institutions and (b) balance sheets and related financial packages for any entity for which either Jesse or Mindy Craig is or was a guarantor, and permitting the Trustee to conduct the examinations by video conference with recording comparable to a section 341 meeting.

Ahlgren Law Office, PLLC

Dated: May 27, 2026

/s/Erik A. Ahlgren
Attorney #09561 (ND)
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlawoffice.net

ATTORNEY FOR TRUSTEE

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,                                                         Case No.: 25-30004
                                                                               Chapter 7

               Debtor.

## DECLARATION OF TRUSTEE ERIK AHLGREN IN SUPPORT OF MOTION TO AUTHORIZE RULE 2004 EXAMINATIONS

I, Erik A. Ahlgren, hereby declare as follows:

1.      I am the movant in this matter, in my capacity as trustee ("Trustee") in in the above captioned matter. I submit this Declaration in support of my Motion to Authorize Rule 2004  Examinations.

2.      Attached as <u>Exhibit A</u> is a true and correct copy of email correspondence dated March 5, 2026 and April 14, 2026, between the Trustee's office and Mindy Craig and Jesse Craig regarding records relating to the loan proceeds for the Ruins project.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  May 26, 2026

_____
Erik A. Ahlgren, Chapter 7 trustee in Bankruptcy
Case No. 25-30004

<u>EXHIBIT A</u>

<u>MARCH 5, 2026 EMAIL THREAD</u>

On Mar 5, 2026, at 2:53 PM, Mindy Craig <mcraig@cpbusmgt.com> wrote:


I believe it has something to do with the computer cache.. is yours an HP by chance? My screen also allows so many line items to be shown, whereas Jesse's screen lets him scroll until the very beginning of the software. If I remote in from a different brand of computer, I am able to scroll.

Please add in this criteria:
Payment date from: march 5, 2024
Payment date to: march 5, 2025

If it cuts off at any certain date, then refresh the dates to reflect the 'date from' as the last that you were able to view and end a year prior.

To answer your question, there isn't a tracking for loan proceeds (deposits or account transfers). The bank statements would reflect the deposits.



Thank you!
Mindy

CP Business Management
   Corporate 1405 1st Ave N,  Suite B   |   Fargo, ND   |   58102
   Office and 24/7 emergency 701-237-3369

The information transmitted in this email reply, and any attachments, is intended only for the personal and confidential use of the intended recipients. This message may be or may contain privileged and confidential communications and may not be shared with any other parties. If you as the reader are not the intended recipient, you are hereby notified that you have received this communication in error and that any retention, review, use, dissemination, distribution or copying of this communication or the information contained is strictly prohibited. If you have received this communication in error, please notify the sender immediately and permanently delete the original message from your system.

**From:** Michael Duffy <michael@ahlgrenlaw.net>
**Sent:** Thursday, March 5, 2026 10:53 AM
**To:** Mindy Craig <mcraig@cpbusmgt.com>
**Cc:** Dan Frisk <dan@stf.law>; jcraig701@gmail.com
**Subject:** RE: Yardi Owner Portal Log in

100101804.breeze.cafe

**From:** Mindy Craig [mailto:mcraig@cpbusmgt.com]
**Sent:** Thursday, March 5, 2026 10:28 AM
**To:** Michael Duffy; jcraig701@gmail.com
**Cc:** 'Dan Frisk'; 'Erik Ahlgren'
**Subject:** RE: Yardi Owner Portal Log in

At the top of your screen in the web address, you'll see something like this..
https://100101834.breeze.cafe, just need to know if it's the 100101834 CP Business license or the Craig Development license number.

Thank you!

Mindy

CP Business Management

Corporate 1405 1st Ave N, Suite B  |  Fargo, ND  |  58102
Office and 24/7 emergency 701-237-3369

The information transmitted in this email reply, and any attachments, is intended only for the personal and confidential use of the intended recipients. This message may be or may contain privileged and confidential communications and may not be shared with any other parties. If you as the reader are not the intended recipient, you are hereby notified that you have received this communication in error and that any retention, review, use, dissemination, distribution or copying of this communication or the information contained is strictly prohibited. If you have received this communication in error, please notify the sender immediately and permanently delete the original message from your system.

**From:** Michael Duffy <michael@ahlgrenlaw.net>
**Sent:** Thursday, March 5, 2026 10:25 AM
**To:** Mindy Craig <mcraig@cpbusmgt.com>; jcraig701@gmail.com
**Cc:** 'Dan Frisk' <dan@stf.law>; 'Erik Ahlgren' <Erik@Ahlgrenlawoffice.net>
**Subject:** RE: Yardi Owner Portal Log in

Mindy,
I'm accessing information from the following instructions in your Feb 24 in email:
"There were quite a few checks written out of The Ruins RRSB checking account. To find those:
Accounting > Accounts payable > Review payments > upper right screen "filters" > "bank", type Ruins
Similarly for Craig Development, when it gets to "bank" type Craig Development"

Are you able to provide instructions on how to access records that show the flow of loan proceeds? In other words, records showing (i) into what account the loan proceeds were deposited and (ii) any subsequent transfers of those proceeds, whether to other accounts and/or to vendors providing goods and services to the Ruins project? The timeframe is from the inception of the Ruins project until the present.

Thank you,
Michael


APRIL 14, 2026 EMAIL THREAD

That is what you have access to......

Jesse Craig
Owner, Craig Development, LLC
Phone:701-232-1355
Fax:  701-232-1377
Website: www.craigcompanies.org

This email message is intended only for the named recipient(s) above and is covered by the Electronic Communications Privacy Act 18 U.S.C.
Section 2510-2521. This email is confidential and may contain information that is privileged or exempt from disclosure under applicable law. If you have received this message in error please immediately notify the sender by return email and delete this email message from your computer.

On Tue, Apr 14, 2026 at 1:17 PM Michael Duffy <michael@ahlgrenlaw.net> wrote:
If all Ruins transactions ran through Craig Development, we request Yardi access to Craig Development.

**From:** Jesse Craig [mailto:jcraig701@gmail.com]
**Sent:** Tuesday, April 14, 2026 12:16 PM
**To:** Michael Duffy
**Cc:** dmurch@conmylaw.com; Mindy Craig; Erik Ahlgren
**Subject:** Re: The Ruins: Yardi access

Michael,

I believe you are getting bad information from the specialist. I've attached screenshots of the user set up. I also conferred with tech support to be certain that there was not a setting inadvertently marked that would be limiting their view, and tech support confirmed that there is no restriction on view or reporting. They are set up as if they were an employee (there's no way to restrict to a view only) and we did restrict their posting days, which means that they could technically enter information and post rents to tenants... We made it restricted to 1 day so there wasn't an accidental posting that would throw off what books I do keep.

Tech support did ask if there are criteria parameters being entered in by the specialist? And, to reiterate, "The Ruins" does not have transactions entered, all ran through Craig Development. Which has been stated multiple times.  Reports are generated as a download via PDF.



Jesse Craig
Owner, Craig Development, LLC
Phone:701-232-1355
Fax: 701-232-1377
Website: www.craigcompanies.org

This email message is intended only for the named recipient(s) above and is covered by the Electronic
Communications Privacy Act 18 U.S.C.
Section 2510-2521. This email is confidential and may contain information that is privileged or exempt

from disclosure under applicable law. If you have received this message in error please immediately notify the sender by return email and delete this email message from your computer.


On Tue, Apr 14, 2026 at 11:40 AM Michael Duffy <michael@ahlgrenlaw.net> wrote:
Doug,
Our Yardi specialist tells us that our is limited to viewing transactions during calendar year 2025. We request that access be provided to see transactions from the inception of the Ruins through the present.
We also request that permissions be updated so that reports can be generated; I understand that current access is "view only."

Many thanks,
Michael

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,                                              Case No.: 25-30004
                                                             Chapter 7
                    Debtor.

## CERTIFICATE OF SERVICE

I, Lisa Ahlgren, declare under penalty of perjury that on May 27, 2026, I caused

to be served by CM/ECF to those entities requesting electronic notification:

Trustee's Reply in Support of Motion to Authorize Rule 2004 Examinations

Executed: May 27, 2026                    Signed:/s/Lisa Ahlgren
                                                  Lisa Ahlgren