**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

---

In re:

The Ruins, LLC,                                        Case No.: 25-30004
                                                        Chapter 7

              Debtor.

---

**CHAPTER 7 TRUSTEE'S REPLY TO JESSE CRAIG'S LIMITED OBJECTION
TO MOTION FOR SALE OF REAL ESTATE FREE AND CLEAR OF
LIENS AND ENCUMBRANCES (DOC. 339)**

---

Erik A. Ahlgren (the "Trustee") submits this reply to the Limited Objection filed by Jesse Craig (Doc. 339) to the Trustee's motion to sell real estate free and clear of liens and encumbrances (Doc. 324).

**INTRODUCTION**

The Trustee's motion seeks approval to sell the real property commonly known as "The Ruins," 315 E. Kemp Avenue, Watertown, South Dakota, free and clear of liens and encumbrances under 11 U.S.C. § 363. The Trustee conducted a managed bid process culminating in an auction and, following the auction, entered into a Real Estate Purchase and Sale Agreement with Build, LLC, for $11,265,000. Jesse Craig—the President and majority owner of Build—does not object to the sale, price, or sale terms. Rather, Mr. Craig's filing expressly limits his objection to the compensation of the real estate agents.

The Trustee respectfully requests that Mr. Craig's objection be overruled. Mr. Craig's broker-compensation objection is not a basis to deny or delay sale approval. The

1

Trustee believes that Mr. Craig's true motivation in objecting to the Trustee's sale motion is solely to delay the sale process because he does not have committed financing to close the sale on behalf of Build. However, the bid procedures' motion, which was agreed to by Mr. Craig, makes clear that the sale is to occur within thirty (30) days of court approval of the sale and that the sale is not contingent upon financing. Accordingly, a desire to extend the closing is not a proper basis for an objection.

**ARGUMENT**

I.     **Mr. Craig's broker-compensation objection is not a basis to deny or delay sale approval.**

Mr. Craig's objection challenges only the contracted five percent (5%) commission to be paid to Hilco Real Estate, LLC and Sioux Falls Commercial, Inc. dba NAI Sioux Falls (the, "Co-Brokers") and does not object to the sale itself or its terms – all of which Mr. Craig expressly consented to as the President of Build. While the Trustee questions Mr. Craigs' true motivation in bringing his objection, Mr. Craigs' objection need not delay this Court's approval of the sale or the parties' closing on the sale.

The bankruptcy court may approve the sale now and reserve broker compensation issues for later determination. For example, the Trustee proposes that the Court's order approving the sale: (a) defer approval of any broker compensation; (b) provide that any disputed portion of commission be held in escrow from sale proceeds; and (c) set a briefing/hearing schedule to adjudicate any request to surcharge, reduce, or disallow commission.

Bankruptcy courts have authority under 11 U.S.C. § 105 to issue orders necessary to carry out the provisions of the Bankruptcy Code, and specifically to approve sales while reserving ruling on broker compensation and to structure escrow of disputed funds to permit timely closings. In *In re Hiddleston*, 162 B.R. 13 (Bankr. Kan. 1993), the bankruptcy court entered orders "authorizing sale of real property subject to lien with escrow permitting attorney fees be paid to Chapter 12 debtors' attorneys 'only upon approval by this Court of Application for Payment of Attorney Fees'". This demonstrates that courts can approve sales while reserving determination of professional compensation and holding disputed amounts in escrow.

While Mr. Craig raises a number of issues regarding the Co-Broker's performance, none of Mr. Craig's allegations challenge the auction, the purchase price, the negotiated terms, or the statutory predicates for a free-and-clear sale. Accordingly, all of Mr. Craig's objections may be appropriately resolved in a separate fee proceeding without delaying approval of the sale.

## II.     Mr. Craig had ample opportunity to object to the Co-Broker's compensation but never did.

The Co-Broker's commission of 5% was disclosed in the Application to Employ Real Estate Agents, filed February 27, 2026 (Doc. 275) (the "Application"). Such commission was explained in detail in Exhibit A to the Application. Mr. Craig did not object to the Application. A bid procedure motion was filed with this Court on March 2, 2026 (Doc.278)(the "Bid Procedure Motion"). An exhibit to the Bid Procedure Motion was a form purchase agreement which stated the broker will be paid a commission in

3

accordance with the listing agreement. Although Mr. Craig objected to the timeline proposed by Bid Procedure Motion, he did not object to any proposed commission to be paid to the real estate broker's in accordance with the listing agreement. Further, in his capacity as president of Build, LLC, Mr. Craig signed a purchase agreement stating that the broker would be paid a commission in accordance with the listing agreement (Doc. 327). Mr. Craig never objected to the broker's payment terms in the purchase agreement. Mr. Craig had ample opportunities to object to the broker's commission prior to making his limited objection to the sales motion and he should be estopped from making such objection now.

**III.** **Mr. Craig's objection is a breach of the stipulation he entered as an individual and of Build's obligation to support the sale motion in good faith.**

Mr. Craig, as an individual, entered into a stipulation to approve the bid procedure motion (Doc. 295) and he never objected to the employment of the Co-Brokers (Doc. 275). Moreover, the Real Estate Purchase and Sale Agreement entered Purchaser into by Mr. Craig as the President and majority owner of Build, provides that Build "shall cooperate in good faith with the Seller to secure the Approval Order" (Doc. 327). Here, Mr. Craig argues that the Co-Brokers did not properly conduct the sale process, but Mr. Craig (through Build) was the successful bidder with a proposed purchase price of $11,265,000. Surely, neither he nor Build was in any way disadvantaged by the objections that he raised. It appears obvious to the Trustee that Mr. Craig's objection is simply a bad faith attempt to slow the sale process for his own benefit – and a breach of his obligations under both the Stipulation he entered as an individual and the purchase agreement he

4

entered on behalf of Build. To the extent that Mr. Craig has a legitimate objection to the compensation of the Co-Brokers, the objection is appropriately addressed through a separate hearing when the Trustee files a motion to approve Co-Broker's compensation.

WHEREFORE, the Trustee respectfully requests that the Court:

a) Overrule Mr. Craig's Limited Objection (Doc. 339) to the extent it seeks to delay or condition approval of the proposed sale;

b) Enter an order approving the sale of the property to Build, LLC for $11,265,000, free and clear of liens and encumbrances, or, if Build fails to close as provided in the Sale Agreement, approving the backup sale to Archer Land Co., LLC for $6,100,000, with proceeds distributed as set forth in the Motion other than the Co-Broker's commission;

c) Reserve jurisdiction over all issues concerning broker commission/compensation;

d) Direct that the disputed portion of any commission be held in escrow from sale proceeds pending further order;

e) Set a deadline for the Trustee to file an application to approve the Broker's compensation and schedule for briefing and a hearing to adjudicate any request to approve, reduce, surcharge, or otherwise determine broker compensation; and

f) Grant such other and further relief as the Court deems just and proper.

Ahlgren Law Office,

Dated: May 28, 2026                    PLLC /s/Erik A. Ahlgren

5

Attorney #09561 (ND)
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlawoffice.net

ATTORNEY FOR TRUSTEE

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,                                                Case No. 25-30004
                                                               Chapter 7

        Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I, Lisa Ahlgren, declare that on May 28, 2026, I caused to be served the following documents via the CM/ECF system to those parties requesting electronic notification.

Chapter 7 Trustee's Reply to Jesse Craig's Limited Objection to Motion for Sale of Real Estate Free and Clear of Liens and Encumbrances

Dated: May 28, 2026                 Signed:  /s/ Lisa Ahlgren
                                             Lisa Ahlgren
                                             220 W. Washington Ave, Ste 105
                                             Fergus Falls, MN  56537