## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,                                                    Case No.: 25-30004
                                                                   Chapter 7

                    Debtor.

## MOTION TO AMEND ORDER APPROVING SALE
## FREE AND CLEAR OF LIENS AND ENCUMBRANCES

Erik A. Ahlgren (the "Trustee") hereby moves this Court, pursuant to Federal

Rule of Civil Procedure 60(a) and Federal Rule of Bankruptcy Procedure 9024, to correct

an omission in an order entered by this Court on June 4, 2026 (the "Sale Order"). [ECF

No. 363]. [1]

1.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue is

proper in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2). The relief

sought is permitted by Fed. R. Bankr. P. 6004, 9014, and 9024; and Fed. R. Civ. P. 60.

2.      On May 5, 2026, the Trustee filed his Notice of Motion and Motion for Sale

of Real Estate Free and Clear of Liens and Encumbrances pursuant to 11 U.S.C. § 363(f),

concerning the real property at 315 E. Kemp Avenue, Watertown, South Dakota, legally

described as "The Ruins Addition to the City of Watertown, Codington County, South

Dakota" (the "Sale Motion"). [ECF No. 324].

---

[1] All capitalized terms used hereinafter and not otherwise defined shall have the meanings assigned to
such terms in the Sale Order.

1

3.      Subparagraphs 14(a) through (p) of the Sale Motion expressly lists all of

the liens and encumbrances of record for the Ruins real estate (collectively, the "Ruins

Liens and Encumbrances").

4.      The certificates of service filed by the Trustee confirms that a copy of the

Sale Motion was served in accordance with Federal Rule of Bankruptcy Procedure 7004

on each holder of the Ruins Liens and Encumbrances. [ECF Nos. 323, 325 and 328].

5.      On June 4, 2026, following a hearing on June 3, 2026, the Court approved

the Sale Motion and entered the Sale Order. [ECF No. 363].

6.      Paragraph 2 of the Sale Order expressly states the Trustee is authorized to

sell the Ruins Real Property "free and clear of liens and encumbrances pursuant to 11

U.S.C. § 363(f) to Build, LLC for $11,265,000.00" in accordance with the terms of the

Build Purchase Agreement. Id.

7.      In the alternative, paragraph 3 of the Sale Order expressly states the

Trustee is authorized to sell the Ruins Real Property "free and clear of liens and

encumbrances pursuant to 11 U.S.C. § 363(f) to Archer Land Co., LLC for $6,100,000.00"

in accordance with the Archer Purchase Agreement, if Build fails to close by the Closing

Date. Id.

8.      Pursuant to South Dakota Codified Law ("SDCL") § 43-30-A-12.7, where

real property is sold by a trustee, there shall be recorded: "A bankruptcy court order

containing the name of the trustee which authorizes the trustee to sell the property, lists

each lien which transfers to the sale proceeds, and which contains the name of the

grantee".

2

9. Section 4 of the existing Sale Order lists the liens to which the proceeds will be applied. The proposed title insurance company has, however, requested an order specifically identifying all liens and encumbrances which are subject to the Sale Order.

10. Amendment is proper under Rule 60(a) to correct an oversight, or omission so that the record accurately reflects the Court's intended disposition, and under Rule 60(b)(1) where necessary to clarify and implement the Court's ruling, as applied through Fed. R. Bankr. P. 9024. Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024.

11. Here, the Trustee's sale motion identified each lien and encumbrance and asked that the Court grant an order authorizing the sale free and clear of such liens pursuant to § 363(f).

12. Clarifying the Sale Order to enumerate the affected liens and encumbrances listed in the motion is a ministerial implementation of the Court's ruling that does not change substantive rights, price, buyer, or distribution priority.

13. Based on the foregoing, the Trustee requests insertion into the Sale Order of the following language to appear after current paragraph 3 and before current paragraph 4, or at such location as the Court directs:

> The sale approved herein is free and clear of all liens, claims, interests, and encumbrances within the meaning of 11 U.S.C. § 363(f), with such liens, claims, interests, and encumbrances to attach to the net sale proceeds with the same validity, priority, and extent as they had against the Real Property immediately prior to the sale, including without limitation the following of record:
>
> a. Mortgage dated March 16, 2021, executed by Craig Holdings, LLC, to Watertown Development Company of Watertown, South Dakota for the

3

principal sum of $2,275,000.00 and interest thereon, if any, filed on March 17, 2021 and recorded in Book 990, page 6316 (the "First WDC Mortgage").

Subject to: Subordination Agreement dated March 7, 2022, executed by and between Watertown Development Company and Red River State Bank, filed on March 10, 2022 and recorded in Book 990 of Mortgages on page 8556; and

Subordination Agreement dated August 22, 2022, executed by and between Watertown Development Company and Red River State Bank, filed on August 26, 2022 and recorded in Book 990 of Mortgages on page 9353.

b.      Mortgage dated November 1, 2021, executed by Craig Holdings LLC, to Watertown Development Company of Watertown, South Dakota for the principal sum of $2,275,000.00 and interest thereon, if any, filed on November 4, 2021 and recorded in Book 990, page 7854 (the "Second WDC Mortgage") (the First WDC Mortgage and the Second WDC Mortgage are collectively referred to herein as the "WDC Mortgages").

Subject to: Subordination Agreement dated March 7, 2022, executed by and between Watertown Development Company and Red River State Bank, filed on March 10, 2022 and recorded in Book 990 of Mortgages on page 8556; and

Subordination Agreement dated August 22, 2022, executed by and between Watertown Development Company and Red River State Bank, filed on August 26, 2022 and recorded in Book 990 of Mortgages on page 9353.

c.      Mortgage with Future Advance Clause dated August 1, 2022, executed by The Ruins, LLC, a South Dakota limited liability corporation, to Red River State Bank for the principal sum of $2,750,000.00 and interest, filed on August 4, 2022 and recorded in Book 990 of Mortgages on page 9258 (the "First RRSB Mortgage").

d.      Mortgage with Future Advance Clause dated March 9, 2022, executed by The Ruins, LLC, a South Dakota limited liability corporation, to Red River State Bank for the principal sum of $7,740,000.00 and interest, filed on March 10, 2022 and recorded in Book 990 of Mortgages on page 8555 (the "Second RRSB Mortgage")(the First RRSB Mortgage and the Second RRSB Mortgage are collectively referred to herein as the "RRSB Mortgages".

e.      Mechanic's Lien claim by Xtreme Fire Protection, LLC in the sum of $32,926.36 and interest, if any, filed on February 6, 2023, File No: 202300326, Book 2023 on Page 52.

4

f.      Mechanic's Lien claim by B&W Construction LLC in the sum of $575,722.27 and interest, if any, filed on February 7, 2023, File No: 202300339, Book 2023 on Page 53.

g.      Mechanic's Lien claim by Watertight, Inc. in the sum of $247,176.70 and interest, if any, filed on February 24, 2023, File No: 202300499, Book 2023 on Page 68.

h.      Mechanic's Lien claim by Perfekt, Inc. in the sum of $286,700.00 and interest, if any, filed on June 23, 2023, File No: 202301940, Book 2023 on Page 188.

i.      Mechanic's Lien claim by Performance Spray Foam, LLC in the sum of $151,058.40 and interest, if any, filed on July 19, 2023, File No: 202302299, Book 2023 on Page 224.

j.      Mechanic's Lien claim by D & M Industries Inc. in the sum of $258,473.27 and interest, if any, filed on August 18, 2023, File No: 202302685, Book 2023 on Page 277.

k.      Mechanic's Lien claim by Top Finish Carpentry, LLC in the sum of $162,900.00 and interest, if any, filed on September 1, 2023, File No: 202302839, Book 2023 on Page 277.

l.      Mechanic's Lien claim by Brian's Glass & Door LLC in the sum of $17,720.00 and interest, if any, filed on February 22, 2024, File No: 202400558, Book 2024 on Page 93.

m.      Mechanic's Lien claim by Lakeside Construction and Masonry in the sum of $141,954.97 and interest, if any, filed on March 21, 2024, File No: 202400816, Book 2024 on Page 123.

n.      Mechanic's Lien claim by The Roofing Company, LLC in the sum of $128,680.73 and interest, if any, filed on April 19, 2024, File No: 202401152, Book 2024 on Page 151.

o.      Amendment of Lis Pendens executed by Diamond Wall Systems, Inc., Plaintiff(s), v. Craig Properties, LLC, a North Dakota limited liability company, Craig Development, LLC, a North Dakota limited liability company, The Ruins, LLC, a South Dakota limited liability company, Craig Holdings, LLC a North Dakota limited liability company, Watertown Development Company, a South Dakota nonprofit corporation. Red River State Bank, a Minnesota, Xtreme Fire Protection, LLC, a South Dakota limited liability company, B & W Construction,

5

LLC, a South Dakota limited liability company, Watertight, Inc., Hamlin Building Center, Inc., a South Dakota corporation, Performance Spray Foam, LLC, a South Dakota limited liability company, XYZ Corporation; ABS Partnership, Defendant(s), dated September 21, 2023, filed September 21, 2023 and recorded in Book 4 of Lis Pendens on page 10.

p.       Lis Pendens executed by Red River State Bank, Plaintiff(s), v. The Ruins, LLC; Watertown Development Company; Watertight, Inc; Hamlin Building Center, Inc.; Xtreme Fire Protection, LLC; Performance Spray Form, LLC; B&W Construction, LLC; Diamond Wall Systems Inc.; D & M Industries, Inc.; Top Finish Carpentry, LLC; Craig Development, LLC; Craig Holdings, LLC; Craig Properties, LLC; Jesse Craig; and Codington County, South Dakota, Defendant(s), dated February 28, 2024, filed March 4, 2024 and recorded in Book 4U of Lis Pendens on page 182.

14.       The requested amendment is permitted under Rule 60(a) and Bankruptcy Rule 9024 to correct an oversight, or omission so that the record accurately reflects the Court's intended disposition. Modifying the Sale Order to enumerate the affected liens and encumbrances is a non-substantive change that will facilitate implementation of the Court's ruling. It does not change the substantive rights of any party. The amendment will merely facilitate administration, and it will not prejudice any party.

15.       To successfully implement the sale, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

**WHEREFORE**, the Trustee, by and through the undersigned attorney, respectfully moves that the Court enter an order granting this motion, amending the Sale Order to insert the paragraph set forth in paragraph 14 above, granting a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h) and granting such other and further relief as the Court deems just and proper.

6

Ahlgren Law Office, PLLC

Dated: July 7, 2026

/e/Erik A. Ahlgren
Attorney #09561 (ND)
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlawoffice.net

ATTORNEY FOR TRUSTEE

**Verification**

I, Erik A. Ahlgren, the moving party named in the foregoing motion, declares under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: July 7, 2026                       Signed: /e/ Erik A. Ahlgren

7