## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,                                                    Case No.: 25-30004
                                                                   Chapter 7

                              Debtor.

## RRSB RESPONSE TO MOTION TO AMEND ORDER APPROVING SALE FREE AND CLEAR OF LIENS AND ENCUMBRANCES

Red River State Bank ("Creditor") responds as follows to the Chapter 7 Trustee's (the "Trustee") motion to correct an omission (the "Motion")  in an order entered by this Court on June 4, 2026 (the "Sale Order"). [ECF No. 363].[1]

1.      There are only two matters properly before the Court here: (1) the Motion, which seeks a minor clerical change, to correct an omission under  Fed. R. Civ. P. 60(a) and Fed. R. Bankr. P. 9024; and (2) an accompanying motion to expedite and modify notice (the "Request for Expedited Relief"). [ECF 369]

2.      The Motion should be granted because the requested modification will facilitate implementation of the Court's ruling in the Sale Order and the relief sought therein is expressly permitted by Rule 9024. By contrast, a request for a judicial determination about whether or not such change proves (or disproves) the existence of an alleged default under the Build Purchase Agreement is not properly before the Court

---

[1] All capitalized terms used hereinafter and not otherwise defined shall have the meanings assigned to such terms in the Sale Order.

at this time and allowing the parties to relitigate the sale process already approved by the Court and/or collaterally attack the Sale Order would prejudice Creditor and other stakeholders in interest in this case.[2]

3.      Key economic stakeholders have relied in good faith upon the unequivocal language in paragraph 3 of the Sale Order: if the Closing Date expires without a closing to Build LLC, the Trustee is authorized to sell to Archer on the terms set forth in the Build Purchase Agreement. The Sale Order does not require a judicial determination that Build has defaulted under the Build Purchase Agreement, or who is entitled to retain the earnest money deposit. The language of the proposed order was carefully crafted to require the expiration of a date certain only. In the interim, Creditor has advanced 100% of the costs of maintaining the Ruins real estate since the conversion date, and it will continue to do so until a closing occurs.  Creditor is also the party who will be economically harmed if the back-up bidder abandons the sale process due to Mr. Craig's prolific litigation and delay tactics in these cases. The proposed language of the Sale Order was the product of compromise, and it was intended to balance opportunity and mitigate risk for economic stakeholders in the case.

4.      In conclusion, if the need for a factual determination about whether or not Build has defaulted is necessary due to the Request for Expedited Relief, Creditor implores the Trustee to withdraw the Request for Expedited Relief, or it could be

---

[2] The fact that the objection filed by Build, LLC (the "Objection") [ECF 375] was accompanied by a declaration, witness list and an exhibit list. [ECF 376, 377, 378] confirms it is a procedurally improper attempt to start a collateral round of litigation, to modify the Build Purchase Agreement by extending the "Closing Date" thereunder and/or delay the closing to Archer – this is a collateral attack on this Court's Sale Order.

denied by the Court and the Motion reset for hearing with a standard notice period and procedure. The Sale Order, as drafted, prescribes a clear timeline and process: Build should not be permitted to use an objection to a routine Rule 60(a) motion to drag stakeholders into a circus side show. If Build LLC and the Trustee seek judicial intervention in their two-party contract dispute, to determine their respective rights to retain the earnest money deposit under the Build Purchase Agreement, the parties should commence an adversary proceeding in accordance with Rule 7001. They do not need to jeopardize a closing with a back up bidder who is currently a ready, able, and willing buyer, nor should they relitigate what is already unequivocally clear in paragraphs 2 and 3 of the Sale Order at the expense of the real economic parties in interest in this case like Creditor.

Dated: July 14, 2026.

**VOGEL LAW FIRM**

BY:   */s/ Kesha L. Tanabe*
Kesha L. Tanabe
ktanabe@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: (701) 237-6983
Fax: (701) 476-7676
*ATTORNEYS FOR RED RIVER STATE*
*BANK*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

*/s/ Kesha L. Tanabe*
Kesha L. Tanabe