## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

The Ruins, LLC,                                                    Case No.: 25-30004
                                                                   Chapter 7
                        Debtor.

## REPLY IN  SUPPORT OF MOTION TO AMEND ORDER APPROVING SALE FREE AND CLEAR OF LIENS AND ENCUMBRANCES

Erik A. Ahlgren (the "Trustee") respectfully submits this reply in support of the Motion to Amend the Order Approving Sale Free and Clear of Liens and Encumbrances [Doc. 368] (the "Amendment Motion") and in opposition to Build, LLC's ("Build") objection to the Amendment Motion [Doc. 375] (the "Build Objection"). The Amendment Motion seeks a ministerial clarification that enumerates the liens and encumbrances already addressed by the Court's order approving the sale [Doc. 363] (the "Sale Order")  and requested in the underlying sale motion [Doc. 324] (the "Sale Motion"), to facilitate recording and administration without altering any party's substantive rights. The Amendment Motion explains that the Sale Motion listed all liens and encumbrances of record, that notice was served on lienholders, and that the requested amendment simply enumerates those liens in the Sale Order to satisfy a recording preference identified by a title insurer.

1

The Build Objection is made for one reason: because Build does not have the financing available to close the transaction, it wants to hinder a sale with Archer. The recitations of irrelevant facts and specious arguments in the Build Objection are an attempt to obfuscate from this most salient point. Quite simply, the Build Objection should be denied because: (1) neither the Build purchase agreement [Doc. 327] (the "Build Purchase Agreement") nor the Sale Order obligates the Trustee to provide a title insurance policy or any warranties regarding title, merchantability, or marketability; and (2) Build lacked financing and agreed to an all-cash, non-contingent closing, and Build's inability to close cannot be attributed to the Trustee.

## Procedural Background

On June 4, 2026, the Court entered the Sales Order authorizing a sale to Build for $11,265,000.00 in accordance with the terms of the Build Purchase Agreement, with an alternative authorization to sell to Archer Land Co LLC ("Archer") if Build failed to close.  On July 7, 2026, the Trustee filed the Amendment Motion moving the Court to amend the Sale Order under Rule 60 to insert a paragraph enumerating the recorded liens and encumbrances to which the sale is free and clear, as already identified in the Sale Motion, for recording and title administration purposes. On July 13, 2026, Build filed the Build Objection asserting, among other things, that the Trustee sought amendment only after declaring Build in default and that title insurers requested additional specificity.

**Statement of Relevant Facts**

Build does not have the financing available to close on the subject property. The Build Objection acknowledges that Build did not have all lender prerequisites completed at the contractual closing deadline, including lender interviews, a property tour, and a Phase I environmental site assessment. *Build Objection, p.7, ¶16.* The Build Purchase Agreement provides for an all-cash sale and is not contingent upon obtaining financing, and states that delivery of a trustee's deed and acceptance by purchaser is full performance and discharge of seller's obligations, with no seller representations or warranties surviving closing except as expressly stated. <u>*See*</u> *Build Purchase Agreement at Section 3(B).* The Build Purchase Agreement  contains comprehensive "AS IS, WHERE IS" and warranty disclaimer provisions, expressly excluding and disclaiming all warranties, including merchantability and fitness for a particular purpose, and placing due diligence and reliance on the buyer's own investigation. *Build Purchase Agreement at Sections 10, 15.* The Sale Order approved the sale free and clear under 11 U.S.C. § 363(f) to Build for $11,265,000.00, and authorized sale to Archer if Build failed to close in accordance with the terms of the Build Purchase Agreement. Build was unable to close on the last day allowed by the Build Purchase Agreement—July 6, 2026.

**Argument**

<u>A. The Trustee had no contractual or court-ordered duty to provide title insurance or warranties, and the sale allocates title risk to the buyer on an "AS IS, WHERE IS" basis</u>.

The Build Purchase Agreement is expressly "AS IS, WHERE IS," disclaims all warranties (express and implied, including merchantability and fitness), and states

Purchaser relied solely on its own investigation. *Build Purchase Agreement, Sections 10, 15.* The Build Purchase Agreement is an all-cash, non-contingent transaction; financing was the Purchaser's prerogative and risk, and any ALTA lender's policy would be purchased at Purchaser's expense if it elected to use commercial lending. *Build Purchase Agreement at Sections 4 and 7.* The Build Purchase Agreement does not obligate the Trustee to procure, pay for, or deliver an owner's or lender's title insurance policy; rather, the Trustee's delivery of a trustee's deed is deemed full performance by the seller. *Id. at Section 3(B).* The Sale Order authorized the § 363(f) sale free and clear consistent with the Build Purchase Agreement and did not impose any requirement that the Trustee obtain or deliver title insurance or any title warranties to Build. The requested amendment merely enumerates the already-identified liens for recording clarity and does not create any new duty to provide title insurance.

B. Build lacked financing and agreed its closing was not contingent on financing; its inability to close does not defeat the Trustee's motion.

The Build Purchase Agreement states the sale "is NOT contingent upon obtaining financing," and that Purchaser may seek a loan but remains bound to perform regardless of any lender commitment. *Id. at Section 4.* The Build Objection admits prospective lenders still required customary prerequisites (including an interview with the Trustee, a tour, and a Phase I ESA) before advancing funds, which were not completed by the contractual closing. *Build Objection, p.7, ¶16.* Build's asserted financing posture confirms it had not secured funds necessary to close an all-cash, non-contingent

4

transaction. That shortfall rests with Build and does not undermine the propriety of amending the Sale Order for ministerial clarity.

C. The amendment is a ministerial clarification consistent with the Sale Motion and facilitates administration without altering substantive rights.

The Amendment Motion explains that the Sale Motion identified each lien and encumbrance, notice was served under Rule 7004, and the amendment merely enumerates those liens in the Sale Order to reflect the Court's intended disposition, consistent with South Dakota recording practice; the motion invokes Rule 60(a) and, in the alternative, Rule 60(b)(1) as necessary to clarify and implement the ruling. The proposed amended order inserts the enumerated liens and maintains the free-and-clear sale under § 363(f), attaching interests to proceeds with their existing validity, priority, and extent, and does not change the buyer, price, or distribution priorities already approved. Granting the Amendment Motion promotes orderly administration, supports the finality and integrity of the Court-approved sale process, and benefits the estate by facilitating closing on the approved terms.

D. Equitable and practical considerations favor denial of the Build Objection and granting the Amendment Motion.

The Sale Order already authorized the Trustee to consummate the sale to Build free and clear under § 363(f) and, if Build failed to close by the accordance with the terms of the Build Purchase Agreement, authorized sale to Archer in the alternative. The proposed amendment conforms the Sale Order to the scope of relief sought and noticed in the sale motion and facilitates recording and distribution without prejudicing any party's rights. Build's inability to close a non-contingent, "as is" cash transaction

5

due to its financing posture does not warrant withholding a ministerial clarification that advances the estate's interests.

## Conclusion

For the foregoing reasons, the Trustee respectfully requests that the Court deny the Build Objection and grant the Amendment Motion by entering the proposed amended order enumerating the liens and encumbrances as set forth therein, with such other and further relief as the Court deems just and proper. The proposed amended order has been submitted, reflecting the enumerated liens and immediate effectiveness.

Ahlgren Law Office, PLLC

Dated: July 14, 2026

/e/Erik A. Ahlgren
Attorney #09561 (ND)
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlawoffice.net

ATTORNEY FOR TRUSTEE

## Verification

I, Erik A. Ahlgren, the moving party named in the foregoing motion, declares under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: July 14, 2026                    Signed: /e/ Erik A. Ahlgren

6